Williams vs. Gooch.

---

CASE 5—PETITION EQUITY—DECEMBER 10.

# Williams vs. Gooch.

### APPEAL FROM MADISON CIRCUIT COURT.

Under *section* 6, *of art.* 3, *chap.* 47, *of the Rev. Statutes*, it is not necessary that the *decree of divorce* should order the restoration of the property obtained by either party from or through the other, before or during the marriage, in consideration or by reason thereof, not disposed of at the commencement of the suit; but such order might

be made afterwards. So far, however, as the section, *supra*, was designed to regulate the mode of enforcing the right of restoration to property acquired during marriage, it has been superceded by *section* 462 *of the Civil Code.*

The order of restoration, in the final judgment for divorce, contemplated by *section* 462 *of the Civil Code, supra,* is a formal one, to be made in cases in which no mention of the property to be restored has been made in the pleadings, and was not designed to apply to any specific property, nor to settle any controversy with reference thereto even between the divorced parties. After the order has been made, any controversy that may arise concerning the property is to be settled by subsequent proceedings.

*Quere.* Was *section* 462, *supra,* intended to apply to any case in which an issue as to the restoration of specific property is made by the pleadings in the divorce suit? It does not apply to a case in which a third person, claiming property of the wife, under a *pendente lite* purchase from the husband, causes himself to be made a party to the divorce suit in order to assert his claim. In such case it is not necessary to postpone a trial of her suit for divorce, until the issue between her and such claimant shall be ready for trial.

As between the wife and her husband, no order of attachment or ·injunction is necessary, nor is it necessary that the property should be referred to in her petition for a divorce to entitle her to an order for its restoration.

Actual notice to the purchaser from the husband, that the wife has sued for a divorce, and that she claims the property purchased, brings the case within the statute which provides that "sales and conveyances made by the husband to a purchaser with notice, and with intent to defraud or hinder the wife, * * * shall be void as against such wife." (*Rev. Stat., chap.* 47, *art.* 3, *sec.* 12.) It does not mean notice of an order of attachment or injunction.

S. TURNER, for appellant, cited 2 *Met.*, 356; *Rev. Stat., chap.* 47, *art.* 3, *sec.* 6.

CAPERTON, for appellee.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

The only question in this case is as to the right to a horse, for which the appellee obtained a judgment against the appellant.

In April, 1858, the appellee, Mrs. Gooch, sued her husband, C. Gooch, for a divorce, and alleged in her petition that he had possession of a horse and other property, which had been given to her by her father, and that he was about to dispose thereof to defraud her of her right thereto, and prayed that he might be restrained therefrom, and that said property might be adjudged to her. No affidavit was made to this petition.

In June, 1858, C. Gooch filed an answer to his wife's petition, contesting her right to a divorce, and denying her allegations as to the horse and other property.

In September, 1858, C. Gooch swapped off said horse to the appellant, Williams, to whom it was delivered; and in November, 1858, said Williams filed a petition to be made a party to said suit, in which he alleged that the appellee had obtained an attachment and caused it to be levied on said horse. Said attachment appears to have been issued by the clerk upon an amended petition, charging that Williams had obtained possession of said horse *pendente lite*, but which amended petition does not appear to have been regularly filed in the case.

The sheriff, or some one professing to act for him, having delivered the horse to the appellee, Williams soon afterward took it from the possession of her bailee; and in December, 1858, a bench warrant was issued against him, to answer for a contempt in taking said horse, which the sheriff appears to have executed by taking a bail bond as authorized by the warrant. No further proceedings appear to have been taken thereon.

In March, 1859, the appellee filed an amended petition against Williams, and he answered claiming the horse, as purchaser from C. Gooch.

Afterward, on the 24th of March, 1859, the court rendered a judgment of divorce in favor of the appellee, and continued "the residue of the cause" until next court, and at a subsequent term a judgment for the horse was rendered against Williams, from which he appealed.

There were other irregular proceedings, which it seems unnecessary to notice.

Several grounds are relied upon for a reversal:

1. It is contended that under the Revised Statutes the property rights of the parties to the action for the divorce should have been settled at the time the judgment for a divorce was rendered, and that the court had no power, after that judgment was rendered, to adjudicate upon the subject. The provision relied upon is as follows: "Upon final decree of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of suit, as either obtained from or through the other, before or during the marriage, in consideration or by reason thereof." (*Rev. Statutes,*

*chap.* 47, *art.* 3, *sec.* 6.)  This did not require that the decree of divorce should order the property to be restored, but seems to have contemplated that the latter order should be based upon the former, and consequently that it might be made afterward. So far, however, as it was designed to regulate the mode of enforcing the right of restoration to property acquired during marriage, it has been superceded by the following provision of the Code of Practice: "In every final judgment for a divorce from the bond of matrimony, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage, and in consideration or by reason thereof. The proceedings for enforcing this order may be by petition of either party, specifying the property the other has failed to restore; upon which the court may proceed to hear and determine the same in a summary manner." (*Code, sec.* 462.)

The order of restoration contemplated by this section is a formal one, to be made in cases in which no mention of the property to be restored has been made in the pleadings, and was not designed to apply to any specific property, nor to settle any controversy with reference thereto even between the divorced parties. After the order has been made, any controversy that may arise concerning the property is to be settled by subsequent proceedings. We doubt whether *section* 462 was intended to apply to any case in which an issue as to the restoration of specific property is made by the pleadings in the divorce suit. At any rate, we are confident that it was not intended to apply to a case in which a third person, claiming property of the wife under a *pendente lite* purchase from the husband, causes himself to be made a party to the divorce suit in order to assert his claim. In such a case we perceive no reason for requiring the wife to postpone a trial of her suit for divorce until the collateral issue between her and the claimant shall be ready for trial.

2. It is contended that, though the appellee may have been entitled to the horse as against her husband, the appellant is entitled to hold it, because, at the time of his purchase, the ap-

pellee had obtained no valid order of attachment or injunction to prevent her husband from disposing of it, and consequently that she had no lien or claim which could affect a purchaser.

That Gooch intended to defraud his wife is sufficiently shown by the record. The statute declares that "sales and conveyances made by the husband to a purchaser with notice, and with intent to defraud or hinder the wife, * * * shall be void as against such wife." (*Rev. Stat., chap.* 47, *art.* 3, *sec.* 12.)

Several questions may arise as to the meaning of this section which we need not now decide. It seems clear that it does not mean notice of an order of attachment or injunction, because, as between the wife and her husband, no such order is necessary, nor is it even necessary, as we have seen, that the property should be referred to in her petition for a divorce to entitle her to an order for its restoration. And it seems equally clear, that actual notice to the purchaser, that the wife has sued for a divorce and that she claims the property purchased, brings the case within the statute. The amended petition against Williams, and his answer thereto, show that he had such notice.

3. It is contended, however, that Mrs. Gooch was not entitled to a judgment for the horse even as against her husband. There might be room for doubt if this question depended upon the evidence in the case, but the pleadings place it beyond doubt. The allegation, that the horse was given to Mrs. Gooch by her father, is not denied in either of appellant's answers. It necessarily follows, that, as against her husband, she was entitled to a restoration thereof.

The judgment is *affirmed.*