GREGORY S. ROCKWOOD *vs.* EDWARD WALCOTT.
LYSANDER WEEKS *vs.* SAME.

A joint petition to enforce a lien under *St.* 1855, *c.* 431, may be maintained by two persons who together have performed labor or furnished materials, for their common benefit and account, in the erection of a house upon the land of another; and if one of them dies, the petition may be prosecuted by the survivor.

Under Rev. Sts. *c.* 117, § 7, the notice to be given to the owner of land and to other cred-itors, in proceedings to enforce a mechanic's lien, need not be given at any particular term of court.

It is no defence to a petition for the enforcement of a mechanic's lien, by one employed by a contractor to aid in the erection of a house upon the land of another, to prove that, be-fore the labor was performed, the time had expired within which the contractor by his written agreement was to finish the same, if such time had been enlarged by a parol agreement or otherwise.

Two petitions for the enforcement of liens under *St.* 1855, *c.* 431, for work done in the erection of a house upon the land of the respondent. At the trial in the superior court, before *Brigham*, J., verdicts were returned for the petitioners, and the

respondent alleged exceptions. The facts are stated in the opinion.

*J. W. Bacon*, for the respondent.

*C. Allen & J. C. Davis*, for the petitioners.

MERRICK, J. These cases come before the court upon the report of the judge who presided at the trial. The respondent now objects that the petition in favor of Rockwood cannot be maintained, because it was originally commenced and was entered in the court of common pleas by Rockwood and one Dickinson jointly; and that Dickinson having deceased while it was pending in court, it has since been prosecuted by Rockwood alone as surviving partner; and. that neither petition can be maintained, 1st. Because upon the entry of the petition in court notices were not ordered and given to other creditors having a like lien with the petitioners upon the estate; and 2dly. Because the agreement of the petitioners with the contractors, Utley and Perry, was not made until after the time when, by the terms of their contract with the respondent, the dwelling-house which they were to erect upon the premises was to have been built and finished.

1. It is shown by the report that Rockwood and Dickinson were not general partners; but that by agreement with each other they became partners for the single and specific purpose of entering into and fulfilling the contract which they made with Utley and Perry, and of taking the compensation which they were thereupon to receive for their labor and services performed, to their joint and common use. When they had fully performed the contract a debt became due to them, for the recovery of which in an action at common law they would be obliged to join as partners and joint contractors; because there was nothing due to them individually. And this is not changed by the provisions of the statute which secures to laborers a lien upon the land and building for the compensation due to them for the labor which they have performed upon it. But it is a necessary implication from those provisions that when labor has been performed upon or materials furnished for any structure upon the land of another by persons associated as partners,

and a debt has thereby been created in their joint favor, and they desire to avail themselves of the lien upon the land to which they are entitled, they must, in all their proceedings in relation to it, act jointly. These provisions require that the person who would thus avail himself of the lien shall, within thirty days after he has ceased to labor or furnish materials, file in the office of the clerk of the city or town within which the land is situated, a statement of a just and true account of the amount due to him. These words in the singular number in the statute which apparently limit to a single individual the right to institute proceedings to secure the benefit of a lien for the payment of what may be due for labor performed or materials furnished must, to work out its intended effect, be construed so as to include several persons, where they are, for such services, joint creditors only. For otherwise the object and purpose of the statute in giving a lien would in such case be wholly defeated. The individual partners have no debt due to them severally, and therefore no one of them could make a statement of "a just and true account of the amount due to him." And therefore as it is the manifest purpose of the statute that every person who has performed labor or furnished materials in the erection, repair or alteration of any structure standing upon the land of another, shall have a lien upon the whole real estate to secure the payment of what is due to him, partners and joint creditors may and must unite in pursuing their remedy, and in conducting all the proceedings prescribed by the statute, as to the way and means in which the lien intended to be secured to them shall be established and enforced. The petition in this case was therefore properly made and filed by Rockwood and Dickinson, and since the death of the latter is rightly continued to be prosecuted by the former as the surviving partner.

2. The second objection of the respondent is founded upon a manifest misapprehension of the meaning of the particular provisions of the Revised Statutes to which he refers relative to the notices to be given to the owner of the land and to the other creditors who have a lien of the same kind as that of the petitioners upon the land in respect to which they seek to have it

enforced. It is contended that these notices are required by the statute to be given either at the term of the court at which the petition is entered, or at the term then next ensuing. But this is not so. Its precise language is, that " the court, in which the petition is entered, shall order notice to be given to the owner of the land, that he may appear and answer thereto, at a certain day in the same term or the next term of the court, by serving him with an attested copy of the petition with the order of the court thereon, fourteen days at least before the time assigned for the hearing." Rev. Sts. *c.* 117, § 7. And similar notice is also to be given to creditors having a like lien upon the land. It is quite obvious that these provisions do not require that the notices shall be issued at the term where the petition is entered, or the term next ensuing; but on the contrary, that the court shall make no order at all in respect to them, until a time has been first assigned for the hearing. And then the order respecting the notices shall be, that the owner of the land, and all creditors having a like kind of lien upon it, shall be required to appear either at a day certain during the term when an order is made, or at the next term of the court; the notice in each case to be given at least fourteen days before the party is required to appear and answer. The order assigning the time of the hearing may be made whenever, in the judgment of the court, it may be most beneficial to the parties to have it fixed; and this may accordingly be done at any term when the petition is pending in court, whether it be during the first or at any succeeding term, after it shall have been entered. And the notices to the parties will be in season, if given after that assignment, and in other respects in conformity to the requirements of the statute.

As it appears upon the record that the court did, upon the application of the petitioners, make an order requiring notice to be given to the respondent, and to the other creditors having a like kind of lien upon the land, fourteen days before the time assigned for the hearing, and that this notice was duly served upon them, it is clearly shown that there has been no irregularity or departure from the course prescribed by the statute, in the proceedings under the petitions, and therefore the objection

taken by the respondent that the notice to the owner of the land, and to persons having liens upon it, was not in conformity to the requirements of the statute, cannot be sustained.

3. By the terms of their written contract with the respondent, Utley and Perry were to have completed the house by the first day of September. But the parties might enlarge the time of performance by a parol or other agreement; *Cummings* v. *Arnold*, 3 Met. 486 ; and if they did so enlarge it, then the employment by Utley and Perry, during any part of such extended time, of the petitioners to work and labor upon the house in finishing and completing it, would be just as effectual to create in their behalf a lien upon the land as if the engagement had been entered into while the original contract was in force, and before it had been varied in any respect by the subsequent parol agreement of the parties. The evidence upon this subject, which is stated in the report, has certainly a strong tendency to prove, and in the absence of any offer or attempt to control or explain it, is sufficient to authorize, or perhaps even to require, a jury to conclude from it, that such extension of time for finishing the house had been consented and agreed to by the respondent. It does not appear that, at the trial, he denied, or suggested a doubt, that this was the legitimate effect of the evidence. And we think that upon a just construction of the report, it must be understood that the presiding judge, in giving directions to the jury in relation to the verdict they were to render, considered that such an agreement was a fact fully proved, and not then questioned or contested. And in this view, his ruling that the petitioner Rockwood was entitled to recover for the labor of himself and his deceased partner was perfectly correct; for assuming this to be true, their relation to the other parties was such that, upon the established construction of the statute, they were entitled to a lien upon the land and building for the labor they performed upon it. *Parker* v. *Bell*, 7 Gray, 429. *Morse* v. *School District in Newbury, ante,* 307. There can be no doubt that the question whether the respondent did verbally or otherwise agree with Utley and Perry that the time for the fulfilment of the stipulation in the written contract should be

enlarged and extended, was a question of fact which either of the parties had a right to have submitted to a jury. And we cannot presume that this right would have been withheld from the respondent, if he had claimed or expressed a wish to avail himself of it. The report does not show that he intimated at the trial any doubt that the fact was fully proved, or that he could control or explain the evidence, or that he desired that it should be considered and passed upon by the jury. He now contends that he was entitled to have the question so determined, and he asks that a new trial may be granted for that purpose. But we are here limited to a determination of the questions of law arising upon the report; and looking only to the statements which are contained in it, we are constrained to come to a conclusion adverse to his present claim, and this upon the ground that it substantially appears from the report that, after all the evidence upon the subject had been introduced, the parties were so well satisfied that the fact of a subsequent parol agreement enlarging the time for the fulfilment of the original written contract was fully established, that they acquiesced in its assumption as a basis upon which instructions to the jury might properly, and ought to, be predicated. This court can therefore do no otherwise than to order that judgment be entered on the verdict.

But resting our decision upon this ground, it seems proper to us, in remitting the necessary order to that effect to the superior court, where the case remains, to add, that an opportunity will still be afforded to the respondent to apply for relief from the consequences of any mistake, if any did indeed occur, by moving for a new trial in that court; and that such new trial ought to be granted, if he can show that on the former trial he did not directly, or in substance, concede or acquiesce in the conclusion, that he did make a subsequent agreement with Utley and Perry for enlarging the time for the performance of their contract, and that he then signified his desire to avail himself, but by the ruling of the court was deprived, of his right to have this question submitted to, and determined by, the jury.

The report shows that several minor questions of law were

raised at the trial; but as they were not adverted to by the counsel for the respondent in his argument, nor represented as being of any importance in the ultimate determination of the case, we have not thought it necessary to consider or form any opinion concerning them. *Judgment on the verdict.*