### SETH WHITTIER & another *vs.* JAMES DANA & another.

<sub>f</sub> the time for the performance of a written contract, which is within the statute of frauds, has been extended by parol, an action can only be maintained upon the written contract; and it is no defence to such action to prove that the time for the performance has been extended by parol, if the defendant has not performed or offered to perform it within the time as extended; and the damages in such case are to be fixed with reference to the time when the written contract was broken.

CONTRACT upon a written agreement dated October 9th 1863, by which the defendants agreed to sell to the plaintiffs two hundred thousand of Brewer bricks, more or less, at eight dollars and twenty-five cents a thousand, cash on delivery, to be delivered any time before December 20th. The declaration alleged that the plaintiffs demanded the delivery of the bricks according to the contract, and were ready and offered to pay for the same; but, the defendants being unable then to deliver them, it was specially agreed between the parties that the time for the delivery should be extended, and it was extended from time to time by special agreement down to the time of suing out this writ, when the defendants refused to deliver the bricks.

The defendants in their answer denied each and every allegation of the declaration.

At the trial in the superior court, before *Russell*, J., before any testimony was offered, the defendants objected that the action could not be maintained; but the objection was overruled.

The plaintiffs then proved the written contract, and introduced evidence tending to show an oral extension of the time of delivery till the opening of river navigation in the spring; whereupon the defendants requested the court to rule that the plaintiffs had failed to maintain their action; but this was refused.

Certain evidence was introduced and offered as to the value of Brewer bricks and other bricks in the spring of 1864, the time when the defendants finally refused to deliver said bricks; and questions arose concerning the same, which are now immaterial.

The defendants requested the court to instruct the jury, amongst other things, as follows: 1. Unless the jury are satisfied

upon the evidence that there was an agreement for an extension of the time of delivery of the bricks and of payment therefor, the plaintiffs cannot maintain this action. 2. If the jury shall find that there was a parol agreement for an extension of the written contract, the plaintiffs cannot recover upon such parol agreement upon their declaration, because the same is not in writing. The judge gave the first instruction as requested, and declined to give the second.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*H. C. Hutchins,* for the defendants.

*O. Stevens,* for the plaintiffs.

HOAR, J. The principal question in this case is governed by the decisions of this court in *Cummings* v. *Arnold,* 3 Met. 486, and *Stearns* v. *Hall,* 9 Cush. 31; in both of which the doctrine was recognized and affirmed, that where a written contract within the statute of frauds has been varied by a subsequent parol agreement, affecting the mode of performance only, the action can be maintained only upon the written contract; because to allow a party to sue partly on a written and partly on an oral agreement would be in direct contravention of the statute. But it was further held in *Cummings* v. *Arnold* that, in defence to an action on the written contract, the defendant may show that he has performed it according to an oral agreement for a substituted performance, or, being ready to do so, was prevented by the act of the plaintiff. And in *Stearns* v. *Hall* a plaintiff who declared upon the original contract in writing was allowed to prove, in answer to the defence that he had not performed the contract according to its terms, that a different performance had been agreed to be substituted by parol, and that he had performed or had been ready to perform the substituted agreement. The whole doctrine is well stated, and the authorities collected and reviewed, in Browne on St. of Frauds, (2d ed.) §§ 409–428.

The plaintiffs might therefore maintain this action upon a declaration framed upon the written contract, and the substituted performance agreed on would not avail the defendants, as

they have not done, or offered to do, what it required. *Lerned* v *Wannemacher*, 9 Allen, 412.

On examining the declaration, it appears that the written con tract is set forth, and a substantial breach of it; but the plaintiffs go further, and allege the extension of the contract time by agreement of the parties, and a breach of the new agreement. Whether the new agreement was in writing is not averred, but the evidence showed it to have been made by parol.

It may be questionable whether there was anything erroneous or fatally defective in the declaration. It set forth a good cause of action, and conformed to the truth of the case. The plaintiffs could not know that the defendants would rely upon the statute of frauds. When they did rely on it, the declaration could have been amended by striking out the latter averments, if an amendment was necessary. But the ruling that the plaintiffs could not recover upon the declaration without proof that there was an agreement for an extension of the time of performance was made at the request of the defendants, and is not excepted to; and we allude to it only because it may be material upon a new trial.

The defendants then asked for the instruction " that if the jury should find that there was a parol agreement for an extension of the written contract, the plaintiffs could not recover upon such parol agreement, because the same is not in writing." This instruction, which was refused by the court, ought to have been given; and upon this point the exceptions are sustained, and a new trial granted.

This ruling shows the other exceptions to be immaterial. The evidence as to damages related to the price of the brick at the time of the defendants' final refusal to deliver them in the spring which was not the true subject of inquiry. The question should have been as to the damages sustained at the time the written contract was broken. So it is unnecessary to decide whether the parol agreement was shown to be an extension of the time of delivery to the opening of navigation, or until the date of the writ. *Exceptions sustained.*