## NATHANIEL S. COLLYER & CO. *v.* LEWMAN MOULTON and another.

Where two parties contract, one to do a particular piece of work, and the other to pay for it, the latter may, at any time, countermand the completion of it, in which case the former will be entitled only to pay for his part performance, and compensation for his loss on the remainder of the contract.

If the parties ordering such a piece of work are in partnership at the time it is ordered, they remain joint contractors, so far as the party from whom it was ordered is concerned, after a dissolution of the copartnership. Either of them has a right to countermand the order before completion, whereupon the joint contractor remains liable as before stated.

A simple contract agreement, so long and so far as the contract remains executory and before breach, may be annulled by agreement of all parties; but after it has been broken and a right of action has accrued, it can only be released for a consideration. So far as it is an executory contract, the agreement to annul on one side may be taken as the consideration for the agreement to annul on the other.

*Hence,* where M. and B., copartners, ordered a certain piece of work of C., an agreement made between C. and M , after the dissolution of the copartnership between M. and B., that M. should be released from his liability for the work

already performed, was held to be void for want of consideration, where no promise was made on the part of the other partner, B., to assume the liability. But such a promise, if made by B., would have made a valuable consideration for the release, one debt having been substituted for the other.

ASSUMPSIT to recover the sum of $481.90 for a wire bending machine, so called, constructed for the defendants by the plaintiffs. The declaration contained a count on book account, and the ordinary money counts, and also a special count alleging that the defendants, on the 23d of January, 1865, in consideration that the plaintiffs would make for them a certain wire bending machine, promised to pay them therefor upon the delivery thereof what the same should be reasonably worth; that the plaintiffs, confiding in the defendants' promises, made and finished said machine; that it was reasonably worth $481.90; that they tendered said machine to the defendants on the 31st day of March, 1865, and requested them to pay said sum of $481.90 therefor, which the defendants refused, and still do refuse to do, etc.

Plea, the general issue.

A jury trial having been waived, the case was heard by the court both in fact and law. The facts are stated sufficiently in the opinion of the court.

*P. E. Tillinghast, for plaintiffs.*

*Thurston, Ripley & Co., for defendants.*

POTTER, J. The plaintiffs made a verbal contract with the defendants, then partners, to build a machine. The work was charged as fast as done, and the materials when furnished. After a small part of the work had been done, the firm was dissolved; and the defendant Moulton, the same day, gave notice of it to the plaintiffs, and told them he could be no longer responsible for the machine. The defendant Moulton claims that the plaintiffs released him and agreed to look to the other partner for payment; but this the plaintiffs deny. The plaintiffs went on and completed the machine, and then sued Bromley alone for his claim, but discontinued the suit, and now sue both the former partners, the writ having been served on Moulton only.

Where two parties contract, one to do a particular piece of work and the other to pay for it, the latter may, at any time,

countermand the completion of it, and in such case the former cannot go on and complete the work and claim the whole price, but will be entitled only to pay for his part performance, and to be compensated for his loss on the remainder of the contract. *Clark* v. *Marmlier*, 1 Denio, 317 ; *Durkee* v. *Mott*, 8 Barb. S. C. 423 ; *Hosmer* v. *Wilson*, 7 Michigan, 294.

In the present case, the two defendants, although the partnership was dissolved, still remained joint contractors so far as the plaintiff was concerned ; and we think that either of them had a right to countermand the order before completion, and then the joint contractors would have remained liable as before stated. But the defendant Moulton claims that he was verbally released by the plaintiffs, and that the plaintiffs agreed to look to the other defendant, Bromley, alone for their pay.

There is some apparent inconsistency in the language used in the reports and text writers, as to the manner in which a simple contract may be annulled. We think the rule is, that so long and so far as the contract remains executory and before breach, it may be annulled by agreement of all parties ; but that when it has been broken and a right of action has accrued, the debt or damages can only be released for a consideration ; and even so far as it remains executory, it may be said that the agreement to annul on one side may be taken as the consideration for the agreement to annul on the other side. Dane 5, 112 ; *Johnson* v. *Reed*, 9 Mass. 84 ; *Cummings* v. *Arnold*, 3 Met. 486–9 ; *Richardson* v. *Hooper*, 13 Pick. 446 ; *Blood* v. *Enos*, 12 Vermont, 625.

So far, therefore, as the contract in the present case remained unfinished on the 10th February, 1865, when the notice was given and the alleged waiver was made, we may consider, either that the contract was annulled or waived by consent, in which case, (the machine, so far as completed, being tendered or delivered) the plaintiff could claim only for work and materials to that date without further damages,—or that the work was countermanded by the defendant Moulton, without the assent of the plaintiffs, in which case the defendant would be liable for the part performed and for loss on the part unperformed.

We consider the present case to fall under the first head, the notice to, and declarations and conduct of the plaintiffs amounting to a waiver of the fulfilment of the contract as first made, that is, to a release of the defendant Moulton for the part still unperformed.

But the claim for payment for the part performed, stands, as we have seen, on a different ground. Was there any agreement to release Moulton from liability for this, i. e., the part performed ; and if so, was there any agreement to take the other partner's individual promise in lieu of the promise of the firm, or anything which would amount to a consideration for the release of the firm ?

If, by a mutual arrangement between the plaintiff Collyer and the two defendants, Moulton had been released from his liability for the work already done, and a new promise made by Bromley, the other defendant, to pay for it, this would have been a valid release for a valuable consideration—one debt would have been substituted for the other. *Thompson* v. *Percival*, 5 B. & A. 925.

But we cannot find sufficient evidence of any promise on the part of the other partner, Bromley, to assume the liability ; and if there was none, then the release of liability for the work already done, was without consideration, as it is not claimed that there was any other consideration.

We cannot find, however, any count in the declaration upon which, upon this view of the case, we can allow for anything except labor done before February 10th, the day of the giving of the notice.

*Judgment for plaintiffs for amount so found due.*