Johnson, J.
Three causes are assigued why this judgment should be i’e versed :
1. That the coux’t exred in sustaixxing the demurrer to the-supplemental answer.
2. That the court erred in allowing a new and amended undei'taking for a second tx’ial.
3. That there was error in admitting proof of the verbal conti-act of June 19, 1865, to relieve plaintiffs from the-conditions precedent iix the written contract of Eebruax-y 2,1865.
I. Did .the coux’t err in sustaining a demuri-er to the supplemental answer? That answer stated: “That since the-bringing of this action, that Alan son R. Simmons, one of the plaintiffs in this case, has applied for the benefit of the bankrupt act, . . . and that his assignee should be-made a party to this suit.”
The answer does not aver that he had been adjudged a bankrupt, or that an assignee had ever been appointed. Without-considering the effect of sec. 39 of the code, which provides-that “in case of any transfer of ixxterest, the action may be continued in the name of the original party,” in case Simmons had been adjudged a bankrupt, it is enough to-say, the plea is insufficient to create a legal presumption-that such transfer had taken place.
The mex-e filing a petition asking to be adjudged a banknipt, does not per se operate as such transfer.
II. Did the court err in ovex-rulixxg defendant’s motion to dismiss the case from the second trial docket, and in granting plaintiffs leave to amend by the filing of a new undertaking ?
The only defect in the oxlginal undertaking was that it *97 was not subscribed by the plaintiffs; otherwise it was unobjectionable.
The statute (2 S. & C. 1155) provides that the party demanding a second trial “ shall enter into an undertaking, . . . with surety; ” and it is claimed, as this is a jurisdictional matter, the court had no power to amend, as the giving of such an undertaking was a condition precedent to a vacation of judgment, and, while that judgment remains, the court had no jurisdiction to entertain the motion.
It is further claimed that the only power to amend in such eases is found in the act of May 13, 1861 (S. & S. 586), which only provides for amendments where the party has entered into an undertaking, and only then for the causes therein specified.
"We can not assent to either of these views.
It has already been decided, in case of an appeal bond, that it is a “ proceeding ” under the 137th section of the code of civil procedure, which may be amended so far as any mistake exists. Irwin v. Bank of Bellefontaine, 6 Ohio St. 81.
Counsel claim that if that case is good law, then the act of 1861, already cited, is subsequent legislation, restrictive of the broad doctrine of that ease, and operates as a limitation on the power to amend; but if it is not good law, then the act of 1861 is an enabling act, granting to the court power which it did not possess.
The mistake of this argument arises from supposing that the act of 1861 covers the same ground as the 137th section of the code, and was intended t<? take its place, or, at least, to provide for the same class of defects. The code, section 137, as construed by the court in 6 Ohio St. 81, provides that “proceedings” may be amended, in furtherance of justice, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect.
*98 The statute provides that where the surety has removed from the county, or the undertaking is for any cause insufficient or insecure, the court shall, on motion, order a new undertaking, and, if the order is not complied with, shall render the same judgment as on the first trial.
The 137th section of the code and this statute relate to different defects in proceedings for a second trial.
The code provision is for the benefit of the party making a mistake, and authorizes the court, in furtherance of justice, to permit him to add or strike out the name of a party, or correct a mistake in the name of a party or in any other respect.
The statute relates to the sufficiency and security of the undertaking. It is for the benefit of the obligees. If the surety has moved out of the county, or the undertaking is, from any cause, insufficient or insecure, the court shall order a new undertaking to the satisfaction of the clerk, and if it is not given, the same judgment shall be rendered as on the first trial.
These provisions of the code, and of the statute, as to proceedings for a second trial, are the complement of each other, and together provide for all eases of mistake in the undertaking, and for all cases where the undertaking does not make the obligees secure.
By the case of Irwin v. Bank of Bellefontaine, supra, it was settled that the court had power to correct such mistakes and omissions as the one before us.
The act of 1861, and the prior act of 1860, was intended to, and does, provide for a different defect.
Another object of that act was to authorize the court, if the order requiring additional security was not complied with, to dispense with the second trial, and enter up the former judgment.
But for this act, if, from any cause, the undertaking became insufficient, the court must still go on with a second trial, thus giving a party the benefit of another trial, without good security.
This statute, in such case, dispenses with a second trial, *99 and, as a penalty for non-compliance with the order of court, compels him to submit to the same judgment as on the first trial.
We have not found it necessary to decide whether or not this undertaking, without being signed by the plaintiff, was sufficient, as we are clearly of the opinion that, if defective, the defect wTas one provided for by the 187th section of the code.
The court might, in furtherance of justice, with the assent of the surety, have permitted the additional names to have been added, or, what was perhaps the better mode, allow a new' undertaking.
III. It is claimed the court erred in permitting evidence of a verbal contract, made in June, 1865, by which the stipulations of the written contract of February, 1865, was modified as to the time of payment.
By the written contract defendant was not to pay until all incumbrances were removed from the farm and the lease.
By the verbal contract, w'hich we must assume was proved as alleged to the satisfaction of the jury, the time of payment was changed.
In consideration of the remission of $2,000 from the purchase money, and the payment in cash of $1,000, the defendant agreed to waive altogether the obligation to remove the incumbrance on the farm, and to relieve defendant from the condition precedent as to the lease. The action wms to recover the purchase money for land already conveyed.
The conveyance had been made, and the deed was delivered to Judge Wood to be held as an escrow until payment of the balance of purchase money.
One of the allegations of the reply was that in consideration of this abatement and payment the defendant then and here agreed to pay. The bill of exceptions does not purport to set out the evidence, and we must presume, in support of this verdict, that this allegation was proved.
Aside, therefore, from that part of this verbal contract *100 relating to the incumbrances on the farm, we have an agreement in parol, executed by plaintiffs, whereby the defendant waives the conditions precedent to payment, and binds himself to pay then and there.
But, taking the whole verbal contract, it was not a contract concerning land, or any interest in land, but related only to the time when, and the conditions under which, he would pay the purchase money, when the title had already passed from plaintiffs.
In case of a verbal contract for the sale of land, followed by a conveyance of the title, the vendee can not defeat a recovery of the purchase money by a plea that the contract was not in writing.
Where a deed has been executed, or a title in any way passed, agreements between the parties as to pecuniary liabilities growing out of the transaction, but not going to take any interest in the land from the grantee, are not affected by the statute of frauds. Browne on Stat. of Frauds, sec. 270; Hurd v. Mott, 1 Root, 73; Green et al. v. Vardiman, 2 Blackf. 324.
Where the original contract is in writing, as required by the statute, it may be varied as to the time of payment, or wholly -waived or discharged as to such payment by subsequent parol contract founded on a new consideration. Cummings v. Arnold, 3 Met. 489; Stearns v. Hall, 9 Cush. 31; Bever v. Butler, Wright, 367; Reed v. McGrew, 5 Ohio, 376; Bethel v. Woodworth, 11 Ohio St. 393.
A covenant to procure the discharge from the record of a mortgage or the time of performance of a written contract within the statute may be enlarged as to time of performance by a verbal contract. Keating v. Price, 1 John. Cas. 222; Fleming v. Gilbert, 3 Ib. 528; Stearns v. Hall, 9 Cush.
The only change, so far as plaintiff’s right to recovery of the purchase money is concerned, was to relieve them from performances of the conditions precedent.
In case of the farm, they were released from their obligation to remove the incumbrances, but this obligation as to *101 the lease still subsists in full force. The defendant merely waived the right to insist on its performance before payment.
The statute of frauds prevents an action to charge any person on any verbal contract for the sale of land or any interest in land.
This land had been sold and conveyed. By this verbal contract the grantee did not agree to part with any interest in the property purchased, nor did the grantors agree to convey or release any interest in the land, for that had already been done by the deed.
They mutually agreed, in consideration of the abatement and payment of $3,000, that the balance of the purchase money should be paid without the performance of the conditions precedent by plaintiffs..
The money was owing to the plaintiffs, but their right to recover it depended on their removing these incumbrances.
The defendant agreed to waive his right to insist on such performance before payment.
This contract was based on a new and distinct valuable consideration. It was executed by the abatement and payment of $3,000 by plaintiffs, and partly executed by defendant, who took possession of the farm, and took steps to remove the incumbrances himself. We are of opinion that this was a contract not within the statute of frauds, and that the verbal contract under the circumstances was valid, though resting in parol. Thurston & Hayes v. Ludwig, 6 Ohio St. 1.
To hold otherwise, after the defendant had obtained the consideration, taken possession of the farm, and by his acts placed it out of the power of plaintiffs to perform their covenant as to the leases on the farm, would be to convert the statute for the prevention of frauds into one to protect and encourage fraud.

Judgment affirmed.