OSCAR E. A. WIESSNER *vs.* MARCELLUS S. AYER & another.

Suffolk.    March 13, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & BARKER, JJ.

*Statute of Frauds — Modification of Written Offer by Telephone — Acceptance — Parol Agreement — Substituted Performance.*

If B. amends his written offer to A. by telephone, the acceptance of the amended offer does not make a contract good against the statute of frauds, because one essential term of the agreement to be performed is not stated otherwise than by parol; and A. cannot recover on the written offer, because he has not accepted it; nor can he recover upon the amended offer, because no sufficient memorandum of its terms has been signed by B.; and the doctrine of substituted performance has no application, because no contract, good under the statute, has been entered into.

CONTRACT for the breach of an alleged agreement between the plaintiff and the defendants, copartners under the firm name of M. S. Ayer and Company, by which the defendants were to lease of the plaintiff the basement and the first, fifth, and sixth floors of a building in Boston for a term of years. The answer set up the statute of frauds. At the trial in the Superior Court, before *Bishop*, J., it appeared that M. S. Ayer, one of the defendants, applied to one Redding, a real estate agent in Boston, employed by the plaintiff, who resided in New York, to lease the premises, and presented to him an offer in writing, as follows:

" Boston, Dec. 21, 1897.   Ralph W. Redding, Esq., 7 Water

St., Room 407, Boston : In reply to your request for an offer in writing for the rent of a portion of the new brick building, corner Portland & Travers Sts., will say, we will give for the cellar, first floor, fifth floor, sixth floor, on a lease of ten five years (10) (5) — providing a few slight changes such as have been mentioned are made — Six thousand five hundred dollars, $6,500 — per year, payable quarterly. The above offer includes heating each floor in a satisfactory manner and also use of the elevator free of extra charge : rent to commence the first of Mch 1898 and we can commence at once to put premises in shape for occupancy and occupy same when ready. M. S. Ayer & Co.

" P. S. We to have the top of the building for our signs exclusively, also the lower part occupied by us. M. S. Ayer & Co."

" Dec. 22–97. Our offer now is as above only on a lease of five years, four of which is at the rate of sixty-five hundred per year & one year at seven thousand per year. M. S. Ayer & Co."

Redding, called by the plaintiff, testified that, one or two days after the receipt of this offer, he had a conversation with M. S. Ayer by telephone, and told him "that the plaintiff was willing to accept his offer, only that he wanted the rent payable monthly, in advance, instead of quarterly as his offer mentioned "; and that Ayer said " he had never paid rent that way, and would not do it even if that was the New York custom "; that " finally, after considerable conversation, Mr. Ayer said that, by way of compromise, he would make it the 15th of each month, and explained himself by saying that the first payment should be on the 15th of March for the month of March, and each month following, in the middle of the month "; that the witness told him that he would communicate with the plaintiff and find out if he accepted the compromise, and then left Ayer at the telephone; that the witness next saw Ayer in regard to the transaction on December 27, at the office of the witness; that Ayer entered the office about four o'clock in the afternoon, and asked the witness if he had heard from the plaintiff; that the witness said, " Yes. Your offer is accepted. I was going to write you; I will do so to-night "; that the witness wrote and mailed the following letter the same night, which it was admitted the defendants received:

" Boston, December 27, 1897. Messrs. M. S. Ayer & Co., 209

& 211 State Street, Boston.    Gentlemen : Your offer of December 21st, 1897, with supplementary amendment of December 22d, 1897, and amendment by telephone message of December 24th, 1897, whereby the rent shall be paid in semi-advance monthly instalments, the first payment to be made March 15th, 1898, all in reference to taking a lease of a portion of a building situate on the southeast corner of Portland and Travers Streets, Boston, Mass., is hereby accepted.   I wish to have our verbal agreement, which you desired should be separate from the lease, wherein you are to supply the labor for running the heating plant, and oiling the elevator guides and motor, understood.   Yours, Ralph W. Redding, Agent for Oscar E. A. Wiessner."

M. S. Ayer, called by the defendants, testified that in the talk over the telephone Redding tried to get him to agree to pay the rent in advance, or in the middle of the month, but that he refused to do so, and told Redding that he had never paid rent in advance in all his business life and was not going to begin then, and told Redding to submit the proposition as it stood, meaning the written proposition to the plaintiff, and, if possible, get an answer by telegraph ; that on the 27th when he (Ayer) called upon Redding he asked, " Have you heard from New York ? " that Redding said he had, and said, " Your proposition is accepted," to which he replied, " I am glad of it," and told him to send the lease at once for execution, and turned to go out, when Redding followed him out of the door and told him, " In my offer I said to Mr. Wiessner that you would do the firing and take care of the elevator ; it will only require a little time " ; and that he (Ayer) said, " Who authorized you to say so ?  Did I make an offer of that kind, that you should inject into my offer, or our offer, that we should run the elevator, take care of the elevator, do the firing or anything of that kind?  I will say to you I never made any offer of that kind.  I will now withdraw my offer for the building; I will not have anything more to do with the building, or any other building that you have anything to do with."

The defendants asked the court to rule that the plaintiff could not maintain the action upon the foregoing evidence.

The judge ruled that if the transaction took place as described by Redding, it constituted the acceptance of a proposition partly

in writing and partly oral; if it took place as stated by Ayer, it was the acceptance of a proposition not made by him in full, and that in either case there was no sufficient memorandum in writing of the contract sued upon to bind the defendants under the statute of frauds, and directed a verdict for the defendants; and the plaintiff alleged exceptions.

*W. Schofield & R. G. McClung,* for the plaintiff.

*E. R. Anderson,* for the defendants.

BARKER, J.  The action is for breach of an alleged agreement of the defendants to take a lease from the plaintiff of certain parts of a building for a term of five years.  The verdict for defendants was ordered upon the ground that the evidence would not justify a finding that there was sufficient memorandum signed by the defendants, the statute of frauds having been pleaded.

It was conceded that there had been a written offer, and the plaintiff contended that this offer had been amended by the defendants by telephone.

The written offer was to take the premises for five years at a rent payable quarterly.  The plaintiff did not contend that this offer had been accepted.  His contention was that before acceptance the offer had been so amended by telephone that the rent should be " paid in semi-advance monthly instalments."  His own acceptance was not of the written offer.  There is no dispute that the words " Yes.  Your offer is accepted," spoken by the plaintiff's agent to the defendants on December 27, and the letter written later upon the same day, did not refer to the written offer as it was made.

This being so, it follows that the written offer was never accepted, either by parol or in writing.  If the defendants did amend their offer by telephone, the acceptance of the amended offer did not make a contract good against the statute of frauds, because one essential term of the agreement to be performed was not stated otherwise than by parol.  The plaintiff could not recover on the written offer, because he had not accepted it.  He could not recover upon the amended offer, because no sufficient memorandum of its terms had been signed by the defendants.

The doctrine of substituted performance for which the plaintiff contends, citing *Cummings* v. *Arnold,* 3 Met. 486, and the cases in which it has been followed, has no application, because no

contract, good under the statute, has been entered into.    See also *Stearns* v. *Hall*, 9 Cush. 31 ; *Lerned* v. *Wannemacher*, 9 Allen, 412, 419 ; *Whittier* v. *Dana*, 10 Allen, 326 ; *Hastings* v. *Lovejoy*, 140 Mass. 261, 264 ; *King* v. *Faist*, 161 Mass. 449.

*Exceptions overruled.*