ISAAC FREEDMAN *vs.* HARRIS B. GORDON.

Suffolk. January 21, 1915. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Frauds, Statute of. Landlord and Tenant. Evidence,* Relevancy.

If a landowner makes a contract in writing with a prospective tenant to build a wooden house which the prospective tenant agrees to occupy for a term of five years at a rent of $100 a month, and later the parties modify this contract by

an oral agreement by which the landowner agrees to build the house of brick instead of wood and the prospective tenant agrees to pay $500 additional in rent, and if thereafter the house is built of brick and the tenant enters it and lives there for ten months but refuses to pay the additional rent, when he is sued for the rent by the landowner the statute of frauds is no defence to the action; because when the tenant took possession of ·the premises under the contract in writing as modified by the oral agreement he became a tenant at will by virtue of R. L. c. 127, § 3, and the agreement ceased to be one not to be performed within one year under R. L. c. 74, § 1, cl. 5.

In the action described above the agreement in writing is admissible in evidence as one of the steps by which the defendant's liability to the plaintiff is established.

In the action described above it was not necessary to decide whether the plaintiff could recover the additional rent under the doctrine of substituted performance put forward in *Cummings* v. *Arnold,* 3 Met. 486.

LORING, J. The plaintiff and the defendant entered into a written agreement by which the plaintiff agreed to erect a wooden building to be occupied by the defendant as his tenant for a term of five years, at a rent of $100 a month. While the building was in process of erection the defendant asked the plaintiff to construct it of brick in place of wood. By word of mouth the plaintiff agreed to do this on the defendant's agreeing to pay an additional rent at the rate of $500 a year. The building thereafter was constructed of brick. The defendant entered into occupation of it, but refused to pay the additional rent agreed upon by word of mouth. This action was brought to recover the additional rent so agreed upon, for a period of ten months next after the defendant went into occupation. The defendant set up in defence that the contract sued on was one not to be performed within a year, within cl. 5 of R. L. c. 74, § 1 (which is in substance the same as § 4 of the original statute of frauds, 29 Car. II. c. 3), and asked the judge to give the three rulings set forth in the footnote.* This the judge † refused to do, and the defendant

---

* "1. If, after the original agreement was made, a new oral agreement was made by which the defendant was to occupy the premises for five years, or more, such oral agreement can not be enforced because it is not in writing, and the verdict must be for the defendant.

"2. The subsequent oral agreement is invalid because it is not in writing and does not affect or operate to modify the original agreement.

"3. On all the evidence the verdict must be for the defendant."

† *Hitchcock,* J., who submitted the case to the jury. They returned a verdict for the plaintiff in the sum of $435.62; and the defendant alleged exceptions as stated in the opinion.

took an exception. He also excepted to the admission in evidence of the original written agreement and lease.

Apart from the doctrine of substituted performance put forward in *Cummings* v. *Arnold,* 3 Met. 486, these exceptions must be overruled. It was competent for the parties, by the subsequent oral agreement, to modify, change or annul the written agreement. *King* v. *Faist,* 161 Mass. 449, 456, and cases there cited. If the defendant had refused to enter into possession of the brick building when it was completed (apart from the doctrine of *Cummings* v. *Arnold*), the statute of frauds would have been a defence. *White* v. *Wieland,* 109 Mass. 291, 292. *Miles* v. *Janvrin,* 200 Mass. 514, 517. *Flanagan* v. *Welch, ante,* 186. But, when the defendant entered into possession under the written contract modified by the subsequent oral agreement he became a tenant at will by force of R. L. c. 127, § 3, which is in substance the same as § 1 of the original statute of frauds (29 Car. II. c. 3), although enacted here by an early Colonial statute. See Col. Laws, 32; *Ellis* v. *Paige,* 1 Pick. 43; *Kelly* v. *Waite,* 12 Met. 300. By force of that act the written contract modified by the subsequent oral agreement became a tenancy at will and ceased to be a contract not to be performed within one year from the making thereof within R. L. c. 74, § 1, cl. 5. In case a tenant enters under an oral agreement and becomes a tenant at will, the terms of the oral agreement of lease are binding upon the parties and will be enforced by the court. See in this connection *Miles* v. *Janvrin,* 200 Mass. 514, 518; *Flanagan* v. *Welch, ante,* 186.

The written agreement was admissible in evidence as one of the steps which made out the defendant's liability to the plaintiff in this case.

The result is the same if the doctrine of substituted performance put forward in *Cummings* v. *Arnold, ubi supra,* applies to the subsequent agreement in the case at bar and enables the plaintiff to recover the increase in the rent thereby stipulated for. As to that doctrine see *Rockwood* v. *Walcott,* 3 Allen, 458; *Lerned* v. *Wannemacher,* 9 Allen, 412; *Whittier* v. *Dana,* 10 Allen, 326; *Hurlburt* v. *Fitzpatrick,* 176 Mass. 287; *Weissner* v. *Ayer,* 176 Mass. 425, 428; Browne, St. of Frauds, §§ 409–428; Williston on Sales, § 121; Langdell Select Cases on Sales, 1033, 1034.

It is not necessary to decide upon the right of the plaintiff to recover under that doctrine.

The entry must be

*Exceptions overruled.*

The case was submitted on briefs.

*S. Sigilman,* for the defendant.

*D. Stoneman, A. I. Stoneman & A. G. Gould,* for the plaintiff.