Darcy, J.
Action of contract in which the plaintiff alleges that the defendant owes him for rent and water rates under a written lease of premises located in the Town of Newbury. The lease alleged to have been executed under date of August 1, 1946 was for the term October 1, 1946 to May 15, 1947.
Defendant’s answer is a general denial and plea of payment with a declaration in set-off for alleged work done and materials furnished. Plaintiff demurred to defendant’s answer in set-off and the demurrer was sustained. No report was requested of this action 'by the Court in sustaining the demurrer so the correctness of such ruling is not to be decided.
The Court found for the plaintiff in the sum of $132.98 for the rent due and the Court made a further finding that the defendant was not obligated to pay the water rates.
The defendant called by the plaintiff testified as follows: “I have not paid the rent and do not consider I owe the rent. ’ ’
*7 A lease was admitted in evidence, without objection, as was the letter dated July 11,1947, written by the defendant to the plaintiff'. In this letter the following language appeared: “I acknowledge I haven’t paid the April and May rent nor do I intend to do so.” At this point in the trial, the plaintiff rested his case.
The defendant was called to the stand by his counsel and was asked the following question: “Did you in any way, by word or action, convey your intention to the plaintiff, Mr. Hale, of applying the value of an oil burner, oil and wood toward the payment of rent which was due April 1 and May, 1947?”
On the plaintiff’s objection this question was excluded by the Court and the defendant made an offer of proof as follows: “If the witness were permitted to testify he would say that in some form, by word or action, he did convey his intention to the plaintiff, Albert Hale, of applying the value of an oil burner, oil and wood toward the payment of rent which was due on April 1, 1947 and May 1, 1947, and that the plaintiff, Albert Hale, agreed to this arrangement.”
The defendant thereupon duly claimed a report and requested that the ruling be reported to the Appellate Division. This is all the evidence introduced at the trial. The defendant was the sole witness.
As argued by the defendant it is true that if the oral agreement was proved and a breach thereof was shown it was a valid defense to the action. After the agreement has been reduced to writing, it is competent to the parties, at any time before breach of it, by a.new contract not in writing either altogether to waive, dissolve or annul the former agreement, or in any manner to add to, or subtract from, or vary, or qualify the terms of it, and thus to make a new *8 contract; which is to be proved, partly by the written agreement. Goss v. Lord Nugent, 5 Barn & Adolph 65.
A written contract, before breach, may be varied by a subsequent oral agreement, made on a sufficient consideration, as to the terms of it which are to be observed in the future. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether. Hastings v. Lovejoy, 140 Mass. 261; Cummings v. Arnold, 3 Met. 486, 489; Holmes v. Doane, 9 Cush. 135; Goodrich v. Longley, 4 Gray 379, 383; Emery v. Boston Insurance Co., 138 Mass. 398.
The terms of a written contract may be varied by parol even though the original is within the Statute of Frauds. 3 Met. 486, supra. However, we do not think it was error to exclude the question as phrased by the attorney for the defendant. We believe it was properly excluded for the reason that the question propounded, assumed or implied that there was such a conversation. We believe it called for an answer by the defendant which in his opinion expressed the defendant’s conclusion as to what his conversation with the plaintiff meant — rather than a recital of the conversation of the defendant with the plaintiff (if there was one) from which the Court should draw the legal conclusion as to whether such conversation expressed the intent of the defendant.
It would have been competent to ask him: “Did you have a conversation with the plaintiff, Hale, and if so what was that conversation relative to applying the rental to the payment of the burner, wood and oil?”
Under the circumstances it does not seem to us that the trial judge exceeded the limits of his discretion in excluding the question.
*9 At the close of the trial, the defendant asked for the following rulings, which the Court denied.
1. There is no evidence to warrant a finding for the plaintiff in the case at bar. 2. There is not sufficient evidence to warrant a finding for the plaintiff in the case at bar.
The requests have become immaterial in view of the findings of fact made by the trial judge.
The Court found that the parties signed a lease of the premises and that the term of the lease was from October 1,
1946 to May 15, 1947. That the monthly rent agreed upon was in the amount of $65.00. That the defendant occupied the leased premises during the period in question and that the defendant did not make payments for the months of April and May as called for in the lease and that there was no legal justification for the defendant’s failure to do so.
There being no prejudicial error committed by the trial judge, the report is ordered dismissed.