*Northern District*
No. 4999

## RICHARD GIRAGOSIAN
v.
## NORFOLK SUPER MARKET, INC.

*Gadsby, P. J.* This is an action of contract to recover $1,457.00 for work and material. The declaration, as amended, is in four counts. The first count alleges $1,300.00 due to the plaintiff according to a contract annexed and marked "B". Count 2 claims $1,457.00 due for work and material according to an account annexed and marked "A". Count 3 alleges a breach of contract by the defendant, and by count 4 the plaintiff seeks to recover $1,457.00 for work and materials on quantum meruit. The defendant's answer is a general denial, payment, denial of a corporation, failure of consideration, partial failure of consideration, breach of contract by the plaintiff, breach of paragraph 5 of the contract providing for liquidated damages, breach of paragraph 11 of the contract by the plaintiff.

The defendant filed a declaration in set-off in four counts, the first count claiming $2,510.00 due from the plaintiff to the defendant due to breach of paragraph 5 of the contract; count 2 claiming $99.00 due from the plaintiff to the defendant as the defendant is assignee of a creditor of the plaintiff; count 3 alleging $1500.00 due from the plaintiff to the de-

fendant by virtue of the plaintiff's breach of paragraph 11 of the contract and count 4 claiming that the plaintiff has breached express and implied warranties.

The plaintiff answered to the declaration in set-off by a general denial.

*At the trial there was evidence tending to show that:*

The job was fully completed by the plaintiff between April 21 and 24, 1955.

The Court allowed Defendant's Requests numbered 3, 4, 5, 6, 7, 12, 13, 17, 18 and 19. The Court denied Defendant's Requests numbered 1, 2, 8, (with the notation "I find as a fact that the breach of this paragraph was caused by the agent of the defendant") 9, 10, 11, 14, 15, 16 and 20.

The Court made the following findings:—

I find as a fact that the plaintiff performed the work according to the contract with a subsequent collateral agreement with an agent of the defendant not to perform the work as set forth in Section 1, Subdivision d, and Section 1, Subdivision h, of the original contract.

The Court ordered a finding for the Plaintiff in the sum of $1,275.00 together with interest from May 15, 1955 and for the Defendant in Set-Off.

The defendant, claimed to be aggrieved by the denial of certain of his Requests for Findings of Fact and Rulings of Law and by the allowance of some of the Plaintiff's Requests for Rulings by the denial of the Defendant's Motion for a Directed Finding, and by the findings of fact and by the finding for the plaintiff in the sum of $1,275.00, together with interest from May 15, 1955 and for the defendant in Set-Off.

It is not necessary to discuss in detail the various requests for rulings of law filed by the defendant.

Some of these requests ask for a ruling that the evidence both required and warranted a finding for

the defendant. Such requests were really two requests merged in one which was improper practice. Furthermore, if we regard them as a request upon all the evidence, they lacked specifications under Rule 27 of the District Courts.

Other requests became immaterial in view of the specific finding of fact by the trial judge, that the plaintiff had completed the contract with the exception of the items set forth in section 1, sub-division D, and section 1, sub-division H. As to these, the Court found there was a subsequent collateral agreement with an agent of the defendant not to perform that work.

The parties may, as the Court correctly ruled, modify by an oral agreement the terms of a written agreement or may vary any of the terms of the contract. *Freedman v. Gordon,* 220 Mass. 324; *Zlotnick v. McNamara,* 301 Mass. 224 at 225.

There was no error in the denial by the Court of the defendant's motion for a directed finding. The defendant is confusing the practice in the District Court with that of Rule 71 in the Superior Court. The basis of a report to the Appellate Division is by a request for rulings and not a motion. G. L. (Ter. Ed.) Chapter 231, Section 108. Thus it is not correct practice to file a motion that there should be a finding in the defendant's favor. The better practice is for the party to present a request that the evidence does not warrant a finding for the plaintiff. Even if we treat this motion as such a request, there was no error in its denial. *Morse v. Homer,* 295 Mass. 606 at 607.

Nor is there any error in the granting of the plaintiff's requests numbers 1, 2, 3 and 6, since the trial judge by his findings of fact has clearly indicated that he found as a fact that the plaintiff performed the work. This demonstrates that the trial judge properly submitted the crucial question of fact to himself as jury.

No prejudicial error was committed by the trial judge and the report is ordered dismissed.

(This opinion has been abridged.)

Andrew A. Sana, for the Plaintiff.

Leon M. Fox, for the Defendant.

*Northern District*