BRIDGET E. HASTINGS & another *vs.* ARTHUR B. LOVEJOY.

Suffolk. Jan. 15. — Oct. 22, 1885. GARDNER, J., absent.

In an action for the rent reserved in a written lease, the lessee may prove, in defence, that, after the delivery of the lease, the lessor, for a good consideration, entered into an oral agreement that for the future the rent should be reduced.

An oral agreement by a lessee to take a partner in his business for the ensuing three years, and to borrow a large sum of money, and put the same into the business, provided the lessor will reduce the rent reserved in a written lease of the premises, and an actual fulfilment of that agreement in consequence of the lessor's promise to reduce the rent, and a continuance of the business under these circumstances for three years, are a good consideration for the lessor's promise; and the lessor is not entitled to recover the amount so agreed to be abated.

CONTRACT against the surviving partner of the firm of J. Lovejoy and Sons, to recover a balance of rent reserved in a lease under seal of certain premises for the term of ten years from June 24, 1873, at an annual rental of $12,500, payable quarterly on the twenty-fourth days of March, June, September, and December in each year, respectively. Trial in this court, before *Field,* J., who reported the case for the determination of the full court, in substance as follows:

The only question in the case related to the four years from December 24, 1876, to December 24, 1880, inclusive, the plaintiffs claiming to recover an alleged balance due for these years,

and the defendant contending that the plaintiffs had been fully paid all rent due during said four years.

The testimony of the defendant was in substance as follows: The premises were occupied by him for the sale of carpets. In the fall of 1876, business having been dull and for a time having been conducted at a loss, he sought the plaintiffs, and represented to them that his business was unprofitable, that he was unable to pay the full rental of the premises, and stated to them that he should fail in business unless the rental was reduced. The plaintiffs thereupon verbally agreed to reduce the rental for the term of one year, beginning with December 24, 1876 (the commencement of a quarter under the lease), by the sum of $2000, so that the same should be $10,500 per annum for that year. This reduced rent the defendant paid, when or after it became payable during that year, by negotiable checks, and the plaintiffs received the same without objection, and gave receipts for the same each quarter in the manner following: " $3125. Boston, April 2, 1877. Received of J. Lovejoy & Sons three thousand one hundred and twenty-five dollars in full for rent store 178 and 179 Tremont Street to March 24. P. J. & B. E. Hastings." At each quarterly payment, the sum of $2625 only was paid by the defendant, according to said verbal agreement.

In the fall of 1877, the defendant was desirous of taking a partner into the firm, and putting in more capital, and informed the plaintiffs that business was still dull, and he was still unable to pay the full rental of the premises, and that he should be obliged to fail unless the rent was reduced for the ensuing three years. The defendant also offered to prove that he said to the plaintiffs, that, if the rent should be reduced by the sum of $2500 per annum, he would take in a partner for the ensuing three years, and would borrow the sum of $40,000, and put the same into the business. The defendant testified that the plaintiffs thereupon agreed to reduce the rent for the three years commencing December 24, 1877, by the sum of $2500 per annum, so that the same should be $10,000 per annum for those years.

The defendant offered to prove that he thereupon admitted said partner, and raised said sum of $40,000 and put it into the business; and testified that he paid this reduced rental, when or after it became payable, for the quarter ending March 24, 1878,

by his negotiable check, and the plaintiffs gave him the following receipt therefor: "$3125.   Boston, April 1, 1878.   Received of J. Lovejoy & Sons thirty-one hundred and twenty-five dollars in full to March 24 of rental 178 and 179 Tremont Street, as per lease.   P. J. & B. E. Hastings."   But no receipt in full was ever given thereafter.

No evidence was offered that the plaintiffs ever agreed to accept the new partner or the new firm as a tenant, or claimed to hold for the rent any persons except those who executed the lease.

In June, 1878, the first-named plaintiff filed a bill in equity against her husband, the other plaintiff, charging certain irregularities on his part in the management of these premises, and a receiver was appointed, who continued to manage the premises and collect the rents thereof from June 24, 1878, to January, 1880.

During this time the defendant paid, by negotiable checks or notes, the reduced rental to the receiver, after but not as it became payable, with the exception of the quarter ending December 24, 1880 (which he paid to the plaintiffs), the plaintiffs upon each payment authorizing the receiver to receive such reduced rental; but no receipts in full were given therefor.

At the termination of the receivership, the receiver filed his account, containing the items of rental received, and the same was assented to by the plaintiffs' counsel, and allowed by this court.

After the termination of the receivership, the defendant paid to the plaintiffs, by negotiable checks, the reduced rental only, after but not as it became payable, until the termination of said term of three years, which expired on December 24, 1880, but no receipts were given therefor.

The plaintiffs received the amounts so paid without objection, and without demanding any further payment of rent, or demanding the full rent reserved under the lease, until on or about October 1, 1880, when they contended that the defendant should pay full rent for the year 1880, and presented a bill for the same.

After December 24, 1880, the defendant resumed the payment of the full rental reserved in the lease.   The lease expired June 24, 1883, and the defendant thereupon surrendered the premises.

The judge ruled, against the objection of the defendant, that the above evidence and offer of evidence, if received, and if believed by the jury, would not authorize a finding that the plaintiffs were not entitled to the balance of rental during these four years, being the difference between the rent paid by virtue of the verbal agreement and the rent reserved in the lease; namely, the sum of $2000 for the first year and the sum of $2500 for each of the other three years ; and, the defendant stating that he had no other defence to the action, the judge directed the jury to return a verdict for the plaintiffs for the full amount claimed.

If the ruling was correct, the verdict was to stand; otherwise, a new trial to be granted.

*G. A. Torrey*, (*T. F. Nutter* with him,) for the defendant.

*A. E. Pillsbury*, for the plaintiffs.

C. ALLEN, J. While recognizing and giving effect to the rule of law, that a creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained existing debt of a larger amount, because such agreement is without consideration, courts have nevertheless often declared that the rule is not to be extended beyond its precise import, and, especially if a consideration for such agreement is found to exist, of which the law can take notice, that courts will not inquire into its adequacy. *Langdon* v. *Langdon*, 4 Gray, 186. *Brooks* v. *White*, 2 Met. 283. *Simmons* v. *Almy*, 103 Mass. 33. The question what will constitute a sufficient consideration for such agreement has been discussed in many cases. See *Fitch* v. *Sutton*, 5 East, 230; *Brooks* v. *White, ubi supra*; *Perkins* v. *Lockwood*, 100 Mass. 249; *Train* v. *Gold*, 5 Pick. 380; *Warren* v. *Skinner*, 20 Conn. 559; Met. Con. 192; 1 Smith's Lead. Cas. (8th Am. ed.) 644.

It is also now well settled, that ordinarily a written contract, before breach, may be varied by a subsequent oral agreement, made on a sufficient consideration, as to the terms of it which are to be observed in the future. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether. *Cummings* v. *Arnold*, 3 Met. 486, 489. *Holmes* v. *Doane*, 9 Cush. 135. *Goodrich* v. *Longley*, 4 Gray, 379, 383.

*Emery* v. *Boston Ins. Co.* 138 Mass. 398.   *Goss* v. *Nugent*, 5 B. & Ad. 58.

This rule in Massachusetts has been held applicable to a case where the original contract fell within the operation of the stat ute of frauds. *Cummings* v. *Arnold, ubi supra. Stearns* v. *Hall*, 9 Cush. 31. But in the present case there is no question under the statute of frauds. In reference to contracts under seal, it was formerly held, especially in England, that they could not be thus varied. But in the United States the tendency of judicial decision has been to apply the same rule in this respect to sealed instruments as to simple contracts. In *Munroe* v. *Perkins*, 9 Pick. 298, the plaintiff, by an instrument under seal, agreed to erect a building at a fixed price, which was not an adequate compensation, and, having done part of the work, refused to proceed; but upon a parol promise by the defendant that he should be paid for his labor and materials, and should not suffer, he went on and finished the building, and it was held that he was entitled to recover in assumpsit upon the parol promise. The court say : " The parol promise, it is contended, was without consideration. This depends entirely on the question, whether the first contract was waived. The plaintiff having refused to perform that contract, as he might do, subjecting himself to such damages as the other parties might show they were entitled to recover, he afterward went on upon the faith of the new promise and finished the work. This was a sufficient consideration." In *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, it was held that the time of performance of a sealed agreement to make certain plane-irons within one year might be extended by a new agreement afterwards entered into between the parties, not under seal, but upon a sufficient consideration. In *Blasdell* v. *Souther*, 6 Gray, 149, 151, it was said by Chief Justice Shaw, in general terms, " We suppose there is no doubt that a valid oral contract may be made upon the basis of a preëxisting contract, either by specialty or by an unsealed written instrument, modifying, changing, and altering the terms of the written agreement." See also *Barker* v. *Troy & Rutland Railroad*, 27 Vt. 766 ; *Lawrence* v. *Davey*, 28 Vt. 264 ; *Fleming* v. *Gilbert*, 3 Johns. 528 ; *Langworthy* v. *Smith*, 2 Wend. 587 ; *Lattimore* v. *Harsen*, 14 Johns. 330 ; *Stryker* v. *Vanderbilt*, 1 Dutch. 482 ; *McGrann* v. *North Lebanon Railroad*,

29 Penn. St. 82; *Cooke* v. *Murphy*, 70 Ill. 96 ; 1 Smith's Lead. Cas. (8th Am. ed.) 666.

In the present case, we are of opinion that it was legally competent for the defendant to prove, as a defence to the plaintiff's action for the rent, that, after the delivery of the lease, the plaintiffs, for a good consideration, entered into an oral agreement that for the future the rent should be reduced; and that the defendant's testimony, and his offer of proof, in respect to the plaintiffs' alleged agreement in the fall of 1877, were sufficient, if believed, to warrant the jury in finding that the plaintiffs were not entitled to recover the amount so agreed to be abated. Agreeing to take in a partner for the ensuing three years, and to borrow the sum of $40,000 and put the same into the business, provided the rent should be reduced, and actually fulfilling that agreement in consequence of the plaintiffs' promise to reduce the rent, and continuing the business under these circumstances for three years, constituted a change of position on the part of the defendant, which might be of advantage to the plaintiffs, and also of detriment to the defendant, provided the plaintiffs' promise should not be kept. *Train* v. *Gold*, 5 Pick. 385. *Hubbard* v. *Coolidge*, 1 Met. 84, 92. *Peck* v. *Requa*, 13 Gray, 407. *Rollins* v. *Marsh*, 128 Mass. 116. *Hinckley* v. *Arey*, 27 Maine, 362. *Moore* v. *Detroit Locomotive Works*, 14 Mich. 266.

In respect to the claim of rent for the first year now in controversy, the true construction to be put upon the defendant's testimony, as reported, is a matter of doubt. It is open to the construction that he was merely expressing an opinion or fear that he should not thereafter be able to pay the rent in full, but that he should fail in business at some time in the future, unless a reduction in the rent should be made. Inasmuch as there must be a new trial, when the whole case will be open, we do not now determine the question whether the defendant's testimony in respect to the plaintiff's alleged agreement in the fall of 1876 was sufficient to warrant a finding in the defendant's favor upon that item. *New trial granted.*