NORA J. CONROY *vs.* JAMES F. TOOMAY.

Suffolk. December 5, 1919. — January 7, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant,* Modification of lease by subsequent oral agreement. *Contract,* In writing. *Frauds, Statute of.*

A provision in a lease in writing of a suite in an apartment house heated by steam, that "the Lessor shall furnish heat to the Lessee at such times and in such quantities as said Lessor shall see fit, and . . . does not guarantee any specific degree of heat, and . . . is not to be held accountable or liable in any way whatsoever for failure to provide heat," may be modified by a subsequent oral agreement by the lessor, made in consideration that the lessee should not terminate the lease by a notice under its provisions, to furnish the lessee's apartment with the proper and necessary supply of heat and hot water, and that, in the event of a failure so to do, the lessee should not be held liable under the terms of the lease.

Such a modification of a lease in writing by a subsequent oral agreement is not open to the objection that it is within the statute of frauds.

A violation by the lessor of the oral agreement, above described, to furnish to the lessee the proper and necessary supply of heat and hot water is an adequate defence to an action for rent under the terms of the lease, both because it could be found that, under the provisions of the lease as modified, the lessee was constructively evicted and because by the oral agreement the lessor had exonerated the lessee from payment of rent.

CONTRACT for $83.33, alleged to be due as rent under the provisions of a lease in writing. Writ in the Municipal Court of the City of Boston dated November 20, 1918.

On removal to the Superior Court, the action was tried before *Wait*, J. It appeared that one provision of the lease was as follows:

"It is understood and agreed by and between the parties to this lease, that if the premises are equipped with heating apparatus that the Lessor shall furnish heat to the Lessee at such times and in such quantities as said Lessor shall see fit, and that the Lessor does not guarantee any specific degree of heat, and that said Lessor is not to be held accountable or liable in any way whatsoever for failure to provide heat, or for the mismanagement or negligence of Lessee or his or her household, to properly regulate the valves in connection with said heating apparatus, or for the destruction or damage to Lessees's roomers' or guests' property in case of leakage of water from said heating apparatus."

After the exclusion of the evidence described in the opinion, the judge ordered a verdict for the plaintiff; and the defendant alleged exceptions.

*E. J. Flynn*, for the defendant.

*F. L. Norton*, for the plaintiff.

CROSBY, J. This is an action to recover for rent of a suite in an apartment house according to the terms of a written lease. It was agreed that the defendant had paid all rent due up to and including the month of October, 1918, but that the sum alleged to be due on November 1, 1918, had not been paid. The lease was "for the term of two (2) years from the first day of September, in the year nineteen hundred and sixteen, until the last day of August, in the year nineteen hundred and eighteen (if then terminated as hereinafter provided), and thereafter from year to year, until one of the parties hereto shall, on or before the first day of July in any year, give to the other party written notice of his intention to terminate this lease on the last day of the following August, in which case the term hereby created shall terminate in accordance with such notice."

At the trial the defendant offered evidence to show that the apartment house was heated by a steam heating apparatus in the cellar, under the exclusive control of the lessor; "that during the fall and winter and spring of 1918" the landlord failed to provide the defendant with an adequate supply of heat and hot water to enable him and his family to live in safety in the apartment, and for this reason it was unfit for occupation; that during the period

referred to the defendant complained to the plaintiff about the failure to supply heat and the plaintiff "continuously promised to do so;" that prior to the first day of July, 1918, and subsequent to the execution and delivery of the lease, the plaintiff orally agreed with the defendant that if the latter would not give a written notice required to terminate the lease on the last day of August, 1918, and would continue to occupy the apartment, she would furnish the apartment with the proper and necessary supply of heat and hot water, and, in the event of her failure to do so would not hold him liable under the terms of the lease; that the defendant, relying on the agreement, did not give notice to terminate the lease but continued to occupy the premises until a few days before October 30, 1918; that on October 21, 1918, he notified the plaintiff in writing that it was impossible for him and his family to live there and he would move out on or about November 1, 1918; and that he did so move before that date. The defendant further offered to ·show that during the months of September and October of that year the apartment was unfit and unsafe for occupancy because of the failure of the plaintiff to furnish sufficient heat and hot water. The trial judge excluded the evidence and directed the jury to return a verdict for the plaintiff for the full amount of her demand.

We are of opinion that the evidence was plainly admissible; if the oral agreement was proved and a breach thereof was shown it was a valid defence to the action. The agreement was founded upon a good consideration, and was not open to the objection that it was within the statute of frauds. It has long been settled "that ordinarily a written contract, before breach, may be varied by a subsequent oral agreement, made on a sufficient consideration, as to the terms of it which are to be observed in the future. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether," *Hastings* v. *Lovejoy,* 140 Mass. 261, 264; and this rule applies although the original contract, as in the case at bar, falls within the statute of frauds. *Cummings* v. *Arnold,* 3 Met. 486. *Stearns* v. *Hall,* 9 Cush. 31. *Hastings* v. *Lovejoy, supra.*

If the jury found that the oral agreement was proved and that the plaintiff thereafter had failed to comply with its terms,

the defendant would not be liable for the payment of rent, not only because it could be found that he had been constructively evicted, *Nesson* v. *Adams,* 212 Mass. 429, *Boston Veterinary Hospital* v. *Kiley,* 219 Mass. 533, but because the plaintiff expressly had exonerated him from such payment. There is nothing in *Holdsworth* v. *Tucker,* 143 Mass. 369, relied on by the plaintiff, at variance with the conclusion here reached.

*Exceptions sustained.*