### NORA J. CONROY *vs.* JAMES F. TOOMAY.

Suffolk.    December 10, 1925. — February 26, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Modification of lease in writing by oral agreement.
*Contract*, Construction.    *Evidence*, Competency, Materiality.

In an action for rent alleged to be due under a lease in writing of an apartment, which provided for payment of rent in advance and that the lessor should furnish heat as he should see fit, it appeared that, upon complaint by the defendant that the apartment was not properly heated, a conversation occurred substantially as follows: "she [the plaintiff] said, 'If you will stay on, I will give you the amount of heat, the proper amount, and hot water,' and I [the defendant] said, 'Well, if you do that I will stay on, and if you don't do it, I will leave immediately.' She [the plaintiff] said, 'If I do not give you the proper amount of heat, you will not be bound by the lease or anything in it' and I [the defendant] said, 'If you promise me that I will stay,' which I did do." A proper amount of heat thereafter was not furnished, and the defendant gave the plaintiff a notice that ten days thereafter he would vacate the apartment, which he did. *Held,* that

(1) The provisions of the lease relating to the term of the lease and to the obligation of the plaintiff to furnish heat and hot water, above quoted, were abrogated and discharged in so far as they were inconsistent with the oral agreement resulting from the conversation between the plaintiff and the defendant; following *Conroy* v. *Toomay*, 234 Mass. 384;

(2) The termination of the tenancy under the oral agreement became effective only at the election of the defendant after failure by the plaintiff to furnish proper heat;

(3) The defendant had a reasonable time, after his election to determine the lease, to remove his belongings from the premises; and during such time he would be in occupation of the premises under the lease as of right and not as a trespasser, tenant at will, or tenant at sufferance.

At the trial of the action above described, evidence was admissible tending to show the temperature of the apartment by descriptions by persons of their sensations while they were in it.

At the trial above described, evidence of the condition of the apartment as to heat during the winter preceding the making of the oral agreement was admissible in the discretion of the judge, as bearing upon the disputed question, whether the oral agreement was made, and the probability that the defendant would seek relief from the hardship of the agreement in the lease in reference to heat.

CONTRACT for $83.33, alleged to be due as rent under the provisions of a lease in writing. Writ in the Municipal Court of the City of Boston dated November 20, 1918.

On removal to the Superior Court, the action first was tried before *Wait*, J., when a verdict for the plaintiff was entered by order of the trial judge, and the defendant alleged exceptions which were sustained by this court in a decision reported 234 Mass. 384.

The action then was tried before *Brown*, J., without further amendment to the declaration. Subject to exceptions by the plaintiff, the defendant was asked, "What effect did conditions have on your method or mode of occupying the suite?" and witnesses for the defendant were asked, "What effect did it have on you?" "How cold were you?" Answers to the questions were to the effect that the witnesses had to use extra wraps in the apartment by reason of the cold.

Other material evidence and exceptions by the plaintiff are described in the opinion. The jury answered special questions described in the opinion, and found for the defendant. The plaintiff alleged exceptions.

*F. L. Norton*, for the plaintiff.

*E. J. Flynn*, for the defendant.

PIERCE, J. This is an action on a covenant in a lease, dated July 29, 1916, to recover rent in advance for the month of November, 1918. The lease ran for a term of two years from September 1, 1916, and "thereafter from year to year, until one of the parties hereto shall, on or before the first day of July in any year, give to the other party written notice of his intention to terminate this lease on the last day of the following August in which case the term hereby created shall terminate in accordance with such notice." The answer is a general denial, eviction, and an oral agreement made by the parties between the date of execution of the lease and the date on which either party, under its terms, could give notice of intention to terminate.

At the trial, there was evidence to warrant a finding that during the entire occupancy of the apartment there had been an insufficiency of heat and hot water; that the defendant had complained frequently thereof to the plaintiff and had

received from her repeated assurances that she would attend
to it, but that she always failed to do so; that in June, 1918,
the defendant had a conversation with the plaintiff which
the jury, in response to a question submitted by the court,
found was substantially as follows: "she [the plaintiff]
said, 'If you will stay on, I will give you the amount of heat,
the proper amount, and hot water,' and I [the defendant]
said, 'Well, if you do that I will stay on, and if you don't
do it, I will leave immediately.' She [the plaintiff] said,
'If I do not give you the proper amount of heat, you will
not be bound by the lease or anything in it' and I [the de-
fendant] said, 'If you promise me that I will stay,' which I
did do."

There was further evidence to warrant a finding that, after
this conversation and in reliance on the promise of the plain-
tiff then made, the defendant continued in occupation of
the premises until October 21, 1918, when he wrote a letter
(which the plaintiff received by mail) as follows: "I wish to
notify you that on or about the first of November I will be
obliged to vacate the apartment now occupied by me at
88 Naples Road, Brookline. It is impossible for me to con-
tinue to live there longer because of lack of heat. Mrs.
Toomay has, at various times, notified you that she was
unable to remain in her apartment because of the cold."
Under date of October 23, 1918, the plaintiff sent and the
defendant received the reply which follows: "I have just
received your letter stating that you intend to vacate your
suite on or about November 1, on account of lack of heat.
Notwithstanding the unusual condition with regard to coal
and janitor service during the past year I have furnished
heat in accordance with the terms of your lease and shall
continue to comply with said terms. I must require you to
comply with the terms of your lease and pay rent for the
remainder of the term. I am unwilling to consent to your
vacating the premises on that date."

The provision of the lease referred to in the letter of the
plaintiff reads as follows: "IT IS UNDERSTOOD and Agreed
by and between the parties to this lease, that if the premises
are equipped with heating apparatus that the Lessor shall

furnish heat to the Lessee at such times and in such quantities as said Lessor shall see fit, and that the Lessor does not guarantee any specific degree of heat, and that said Lessor is not to be held accountable or liable in any way whatsoever for failure to provide heat, or for the mismanagement or negligence of Lessee or his or her household, to properly regulate the valves in connection with said heating apparatus, or for the destruction or damage to Lessee's roomers' or guests' property in case of leakage of water from said heating apparatus." In response to a question submitted by the trial judge, the jury found in substance that the plaintiff did not furnish the defendant's apartment with a proper amount of heat and hot water from the date of the conversation in June, above recited, until October 21, 1918. The premises were vacated on October 28, 1918.

The provisions of the lease relating to the term of the lease and to the obligation of the plaintiff to furnish heat and hot water, above quoted, were abrogated and discharged in so far as they are inconsistent with the oral agreement resulting from the conversation between the plaintiff and the defendant in June, 1918. *Conroy* v. *Toomay*, 234 Mass. 384, 386. *Hastings* v. *Lovejoy*, 140 Mass. 261, 264. *Cummings* v. *Arnold*, 3 Met. 486.

At the close of the evidence the plaintiff requested, among others, the following rulings: (1) "Upon the evidence in this case, if the parties made the oral agreement testified to by defendant, defendant became a tenant at will"; and (2) "Upon the evidence in the case, if the parties made the oral agreement testified to by defendant, plaintiff was entitled to a month's notice of termination of tenancy."

These requests were refused rightly. The oral agreement, to the effect that the defendant could "leave immediately" and would "not be bound by the lease, or anything in it" in case the plaintiff did not "give" the defendant "the proper amount of heat," was a condition subsequent, effective at the election of the defendant. The provision as to the right of the defendant to determine the lease upon the happening of an event which might never arise did not operate to terminate the lease with the failure of the plaintiff

to furnish "proper" heat, without any notice of termination being given by the defendant to the plaintiff, as the defendant contends. So to construe this provision would be to permit the plaintiff by her own wrongful action to determine the lease and change the defendant's status from a holder as lessee to that of a tenant at will.

The provision of the oral agreement that the defendant might vacate the premises immediately did not carry with it the implied penalty of a charge of trespass, nor create against the will of the defendant a tenancy at will unless he should leave such premises at the same time he determined to act upon the right reserved to him under the agreement. It is plain the defendant had a reasonable time, after his election to determine the lease, to remove his belongings from the premises; and that during such time he would be in occupation of the premises under the lease as of right and not as a trespasser, tenant at will, or tenant at sufferance.

There was no error in the admission of the testimony of a witness as to the temperature of the apartment and the reaction to it. Such evidence had a probative value, perhaps as great as the readings of a thermometer would have had in assisting the jury to determine whether the heat furnished was in fact a "proper heat" as such term is commonly understood. The testimony as to the heat and hot water in the winter before the oral agreement was admissible in the discretion of the judge, as bearing upon the disputed question whether the oral agreement was made and the probability that the defendant would seek relief from the hardship of the agreement in the lease in reference to heat.

We do not consider whether the plaintiff could recover for use and occupation without an amendment to her declaration. *Leavitt* v. *Maykel*, 203 Mass. 506.

The verdict was directed rightly for the defendant, and by the terms of the report judgment is to be entered on the verdict.

*So ordered.*