NAZLEY M. TASHJIAN *vs.* JOSEPH KARP & others.

Worcester. September 21, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Modification of lease. *Contract,* Consideration.

Where, during the term of a lease under seal of a store, which contained no provision as to repairs except in case of damage by "fire or other unavoidable casualty," the lessee complained of injury to his goods and customers due to the leaky condition of the roof of the store and it thereupon was mutually agreed between the lessor and the lessee that the lessee should make no further complaints and should have the roof repaired at his own expense if he wished it to be repaired and that the rent for the remainder of the term should be a certain sum less than that specified by the lease, the modification of the lease with respect to rent was supported by sufficient legal consideration and was binding on the lessor.

CONTRACT for rent under a lease in writing. Writ in the Central District Court of Worcester dated March 8, 1929.

Material evidence at the hearing in the District Court by *Hartwell*, J., is stated in the opinion. The defendants' lease contained no provision as to repairs, except in case of damage by "fire or other unavoidable casualty." The plaintiff requested the following rulings, among others:

"9. The plaintiff received no consideration for any change in the terms of the written lease which was in force between the parties.

"10. The defendants' attempted revision of the terms of said lease was at best a *nudum pactum* and cannot be held to bind the plaintiff."

The trial judge found for the defendants. Upon petition to establish a report, a report was established by the Appellate Division after a hearing by one of its members.

The Appellate Division ordered an entry, "Report Dismissed." The plaintiff appealed.

*F. W. Morrison*, for the plaintiff, submitted a brief.

*H. Zarrow*, (*M. N. Abodeely* with him,) for the defendants.

CROSBY, J. This is an action of contract to recover $450, a balance of rent alleged to be due under a written lease, and two other items respecting which no question of law is presented.

The lease was dated March 17, 1926; the leased premises consisted of a store to be used in the business of retreading and repairing automobile tires and tubes, and selling new and second hand automobile tires and tubes. The term of the lease was for three years from April 1, 1926, the stipulated rental being $1,200 for the first year, payable in advance in monthly instalments of $100, and $2,760 for the remainder of the term, payable in advance in monthly instalments of $115.

There was evidence that the plaintiff could read in the English language typewritten and printed papers, and letters written in English with a pen by her daughter, and could write in English if the words were spelled to her in English. There was further evidence tending to show that when the lease was given and thereafter she was ill a

greater part of the time, and unable to attend to her business; that her husband collected the rent and looked after repairs, and if repairs were needed or electric changes were made he acted for her.

The defendants testified that they occupied the premises during the full term of the lease, and it was agreed that for the first eighteen months thereof the rent was paid in full. There was evidence tending to show that the defendants complained to the plaintiff's husband of water coming through the ceiling of the store upon the merchandise of the defendants, and that a customer had been struck by a portion of the ceiling falling upon him, which had become weakened by reason of the leaky condition of the roof, and that water came into the store through the ceiling upon another customer. There was further evidence that at the expiration of the first eighteen months of the lease the defendants stated to the plaintiff's husband that their business was poor, owing to the leaky condition of the roof, and that they were not willing to continue to pay the full rental; that they would pay $230 to break the lease; that the plaintiff's husband, after consulting his wife, told the defendants that his wife would not accept the offer, but was willing "to cut twenty-five (25) dollars off the rent per month for the remainder of the lease." The defendants testified that they accepted this offer, and that they further agreed that because of the reduction in the rent they would make no further complaint about the roof, and if they wanted it repaired they would make such repairs at their own expense. It was admitted that they did not make any repairs. There was evidence that no further complaint was made respecting the condition of the roof by the defendants; that they covered their merchandise to protect it from water, and placed pails under the leaks; that for six months following the foregoing conversation they gave the plaintiff's husband a series of checks for the monthly rental of $90 each, upon each of which was written "for rent in full for the store located at 677 Main Street"; that these checks were accepted and cashed by the plaintiff's husband without pro-

test; that after the expiration of this six months' period the defendants continued each month to give a check for $90 with a similar notation upon it until the end of the term of the lease; that these checks were cashed by the plaintiff's husband, but upon each before indorsing he wrote the following: "Receive this check on account of rent for 677 Main Street store. This does not waive right to collect balance due." The plaintiff and her husband testified that they never agreed to any modification of the lease.

At the conclusion of the evidence the judge viewed the premises. He found in accordance with the foregoing evidence that the defendants occupied the premises for the full term of the lease; that the rent for the first eighteen months was paid in full; that at the expiration of that time the defendants offered to pay the plaintiff the sum of $230 to "break" the lease which the plaintiff refused; that the plaintiff agreed to accept $90 a month for the remainder of the term with the indorsements on the checks as above recited. He further found that there was a modification of the terms of the lease; that the defendants paid their rent in full; and that the plaintiff in dealing with the defendants acted by and through her husband. The plaintiff presented certain requests for rulings, all of which were denied either on the ground that they were inconsistent with the findings or that in view of the findings they were immaterial.

The Appellate Division found that there was no prejudicial error on the part of the trial judge in refusing to rule as requested and ordered the report dismissed.

There was evidence sufficient to warrant the finding that the parties agreed upon a modification of the lease. The only question of law presented is whether there was a legal consideration for the agreement that the monthly rental for the last eighteen months should be reduced from $115 to $90.

It has long been settled in this Commonwealth that a written contract under seal, before breach, may be varied by a subsequent oral agreement made upon a legal con-

sideration. "Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether." *Hastings* v. *Lovejoy*, 140 Mass. 261, 264.

There was evidence from which it could have been found that, during the first eighteen months of the defendants' occupation of the store under the lease, because of the condition of the roof water came through the ceiling upon their goods and upon customers while on the leased premises, and had injuriously affected the defendants' business; that in these circumstances the defendants wanted to break the lease and vacate the store and offered to pay the plaintiff two months' rent to be relieved from further liability under the lease; that this offer was refused by the plaintiff; that later it was mutually agreed that, in consideration of the defendants agreeing to make no further complaint about the condition of the roof and if they wanted it repaired to do the work at their own expense, the rent for the remainder of the term should be reduced to $90 a month. There was evidence to show and the judge found that the defendants in compliance with the terms of the lease as so modified paid the plaintiff the full amount of rent thereafter due.

We are of opinion that the modification of the terms of the lease was founded upon a sufficient legal consideration which was binding upon the parties. *Munroe* v. *Perkins*, 9 Pick. 298. *Hastings* v. *Lovejoy*, 140 Mass. 261. *Thomas* v. *Barnes*, 156 Mass. 581. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 194. *Conroy* v. *Toomay*, 234 Mass. 384. *Conroy* v. *Toomay*, 255 Mass. 87.

Cases like *Torrey* v. *Adams*, 254 Mass. 22, and *Fienberg* v. *Adelman*, 260 Mass. 143, and other cases which hold that there was no consideration for the modification of a written lease are not applicable to the facts found in the case at bar. There was no error in the denial of the plaintiff's requests for rulings.

*Order of Appellate Division affirmed.*