No. 154439 Municipal Suffolk, ss.

COHEN (Bernard Ginsburg)
v. HOMONOFF (Charles R. Goldstein)

From the Municipal Court of Boston—Keniston, J.

Argued October 6, 1941—Opinion Filed November 1, 1941

ZOTTOLI, J. (Tomasello, J. & Donovan, S. J.)—This is an action of contract for a balance of $600. for rent alleged to be due under the terms of a written lease. The answer is a general denial, payment, and further "that subsequent to the execution and the delivery of the lease referred to in the plaintiff's declaration, the parties entered into an oral agreement made on sufficient consideration under the terms of which the rent reserved in the lease was reduced in the amount of twenty-five ($25.) dollars per month, commencing with the month of January, 1938, and for each and every month subsequent thereto for the remainder of the term of the lease and that the defendant did pay the rent so agreed upon, and the plaintiff accepted the same as the rent reserved under said original agreement."

At the trial there was evidence to show that sometime in October, 1937, the parties negotiated the lease at a monthly rental of $125.—and that during the course of the negotiations the plaintiff agreed to repair the premises by painting, papering, plastering and carpentry work, which work was to be done after the execution of the lease—. "There was no provision in the lease for repairs to be made by the Lessor—" "Shortly after the execution of the lease, the defendant commenced occupancy of the premises, and within a short while thereafter, the defendant asked the plaintiff to do the work previously

stipulated, but the plaintiff told the defendant that it would be better to wait until after the first of January next, at which time the Christmas rush would be over and the plaintiff would then be able to get the work done at a saving to himself;—that the rent of $125. per month provided for in the lease was paid till January, 1938,—on January 22, 1938, the plaintiff called at the defendant's place of business for the rent due for the month of January, 1938, and there the parties conversed at considerable length, at which time the defendant told the plaintiff that inasmuch as it was then beyond the first of January, he wanted the plaintiff to do the painting, papering, plastering and carpentry work which he had promised previously to do—and further, the defendant told the plaintiff, that unless it was done, he could not stay, that he was losing money; that the plaintiff said that he also was losing money; that the real estate was not paying, and that he could not afford to do the work; that the defendant said that he could have had the lease for $25. per month less originally without the work being done, and that the plaintiff then said, "why don't you take off $25. per month, and if you do have the work done later, I will allow you another $50."; that the defendant accepted this offer and asked the plaintiff to return the lease; that the plaintiff thereupon said that the lease had been left with the bank that held the mortgage on the leased property; that it was unnecessary to return the lease anyway; that there would be no question between them; that on the same day the defendant gave the plaintiff a check drawn by the defendant's son to the plaintiff in the amount of $100. which was indorsed by the plaintiff with the notation in the plaintiff's own handwriting,—"Rent for January, 1938, 184 Hanover Street,—that after January 22, 1938, neither the plaintiff nor the defendant made any repairs to the premises; that a record book was kept by the plaintiff of rents received—and it appeared therein that the plaintiff credited each check for the respective month shown thereon; that nowhere was there a record of a balance due from the defendant to the plaintiff—; that the plaintiff never sent any written statements to the defendant for the rent but always called for it;—that the defendant—was never asked by the plaintiff or anyone on his behalf for any balance over and above the amounts paid, and that he never knew of any claim for a balance until the writ in this case was served upon him.

At the close of the trial the plaintiff duly presented six requests for rulings. The Court denied 2 (C), 3, 4 and 6, found generally for the defendant, and has reported its denial of these requests for review.

It is apparent the plaintiff's alleged grievances center around the Court's refusal to adopt the plaintiff's theory that no consideration existed for the reduction of rent. It is well settled in this Commonwealth that a written contract under seal, before breach, may be varied by a subsequent oral agreement made

[ 140 ]

upon a legal consideration. *Tashjian* v. *Karp,* 277 Mass. 42. The questions raised by these requests are no longer novel. It will serve no useful purpose to discuss the requests in detail. There is ample evidence to warrant a finding sustaining the oral agreement set up by the defendant in the third paragraph of its answer. Under these circumstances the requests in question were properly denied. The case, in principle, falls within the law as set forth in *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.,* 294 Mass. 306.

As no error appears, the order is
*Report dismissed.

---

*Appealed to Supreme Judicial Court.