JULIUS O. COHEN vs. MORRIS HOMONOFF.

Suffolk.   January 7, 1942. — April 2, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant*, Modification of lease.   *Contract,* Modification, Consideration.

An oral agreement for reduction of the rent payable under the provisions of a sealed lease was supported by sufficient consideration where it was made at the suggestion of the lessor following a statement by the lessee that he would have to leave the premises unless the lessor made certain repairs which he had promised during the negotiations for the lease and which the lessee had relied on in executing it.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated May 1, 1941.

The case was heard by *Keniston*, J.

*B. Ginsburg*, for the plaintiff.

*C. R. Goldstein*, for the defendant, submitted a brief.

DOLAN, J.   This is an action of contract in which the plaintiff seeks to recover a balance of rent, amounting to $600, alleged to be due under the terms of a lease of certain real estate.   The judge denied certain requests for rulings made by the plaintiff and found for the defendant.   The case comes before us on the plaintiff's appeal from the order of the Appellate Division dismissing the report.

There was evidence tending to show the following facts: The lease in question was under seal and ran from the plaintiff to the defendant.   It was executed by the parties on October 4, 1937.   The term of the lease was for a period of two years and two months beginning November 1, 1937, and ending December 31, 1939.   The stipulated rental was $125 per month for the first six months, and $150 per month for the balance of the term.   The lease provided that the lessee should keep the premises "in such repair, order and condition as the same are in at the commencement of the said term, or may be put in during the continuance thereof

. . ." with certain exceptions not here material. There was no provision in the lease that repairs should be made by the lessor.

During negotiations between the parties preceding the execution of the lease the plaintiff agreed to repair the premises by "painting, papering, plastering and carpentry work" to be done after the lease was executed. Relying on this promise the defendant signed the lease and occupied the premises. Within a short time thereafter the defendant requested the plaintiff to fulfill his promise to make these repairs. The plaintiff told the defendant to wait until after the first of January (1938) when the Christmas "rush" would be over, stating that at that time he "would then be able to get the work done at a saving to himself." On January 22, 1938, the plaintiff called upon the defendant to collect the rent for that month, the rent for November and December, 1937, having been paid in full. Upon the occasion of this visit the defendant requested the plaintiff to make the repairs in accordance with his promise, and told him that unless this was done "he could not stay, that he had been losing money." The plaintiff then stated that he could not afford to make the repairs. The defendant said that he could have had the lease for $25 a month less, originally, "without the work being done," and the plaintiff said: "Why don't you take off $25 per month, and if you do have the work done later, I will allow you another $50." The defendant accepted this offer and asked the plaintiff to return the lease, but the latter said that it had been left at the bank, that it was unnecessary to return it, and that "there would be no question between them." The same day the defendant gave the plaintiff a check for $100, which was indorsed by the plaintiff: "Rent for January, 1938, 184 Hanover Street." Thereafter the rent was paid to and accepted by the plaintiff in accordance with the foregoing agreement. The last payment was one of $225, the check therefor bearing the notation of the plaintiff as follows: "1941 . . . March 19 225.00 Jan. & Feb. Paid in full up to date Rent for Jan. & Feb."

No repairs of the premises were ever made by either of

the parties. No demand was ever made upon the defendant for payment of any balance over and above the amounts paid under the oral agreement until the end of February, 1941, when he vacated the premises, which he had been occupying as a tenant at will after the expiration of the lease. The plaintiff's books showed credits of the amounts received from the defendant for rent, but "nowhere was there a record of a balance due from the defendant . . . ."

At the close of the evidence the plaintiff presented six requests for rulings, three of which were denied by the judge. Each of the requests that were denied was substantially to the same effect, that is, that the evidence was insufficient to warrant a finding of any legal consideration to support the oral agreement for the payment of less rent than that provided in the written lease. There was no error in the denial of the requests.

It has long been settled in this Commonwealth that a written contract under seal, before breach, may be varied by a subsequent oral agreement made upon a legal consideration. *Tashjian* v. *Karp*, 277 Mass. 42, 46. *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.* 294 Mass. 306, 313, 314. On the evidence the judge could have found that the defendant was unwilling to continue to occupy the premises because the plaintiff had failed to carry out his oral agreement, but consented to do so upon the promise of a reduced rental, and that, in compliance with the terms of the lease as so modified, he paid the plaintiff the full amount thereafter due. We are of opinion that the modification of the terms of the lease was founded upon sufficient legal consideration. *Tashjian* v. *Karp*, 277 Mass. 42, 46, and cases cited.

*Order dismissing report affirmed.*