Gadsby, J.
This is an action of contract by a landlord against a tenant under a written lease to recover for water bills paid by the landlord.
It appears that a written lease was executed between one Mary Callahan and the defendant in 1935. This lease was the usual printed form lease and provided that the lessee *275 would pay the taxes for the use of water during the continuance of the lease.
One Joseph Callahan, the brother of Mary Callahan, was her agent in the handling of said real estate. Shortly after the defendant took possession under the lease, the defendant agreed with Joseph Callahan, to do more than the lease required and take care of extra grounds which had been constructed. Since this included extra lawns which would require a considerable amount of water, it was agreed orally that the defendant would not be responsible for the water bills.
Later, in 1935, the said Mary Callahan conveyed the property to her sister, the plaintiff.
In April 1939, Joseph Callahan, on behalf of the plaintiff executed an extension of the original lease to June 20, 1942. This extension was executed on the original lease. On June 30,1942, Joseph Callahan, acting for the plaintiff, executed another extension to June 30, 1944.
On January 16, 1943, demand was made by the plaintiff on the tenant to pay the water bills for the quarter ending January 1, 1943, and the quarter beginning on January 1, 1943. The defendant refused to pay these bills and the plaintiff now brings this action to recover for the water bills paid by her.
At the close of the evidence, the plaintiff filed the following requests for rulings:
“1. There is evidence to warrant the Court to find for the plaintiff. 2. As a matter of law the plaintiff is entitled to recover the amount she paid for the water bills. 3. On all the evidence the plaintiff has proved that the defendant owes the water bills paid by her. 4. There is evidence that the defendant owes the water bills. 5. The defendant’s claim of a waiver is not supported by any legal consideration os the defendant was bound to take care of the lawn and to make the repairs according to the terms of the lease. 6. There is no *276 legal evidence of a waiver of the requirements to pay the water bills. 7. On. the evidence of the lease and the testimony of the defendant that the waiver in June or July, 1935 was in consideration of the defendant agreeing to fix the lawn and to make repairs which he was required to do by the terms of the lease, the plaintiff is entitled to recover the water bills paid by her. 8. There is no evidence that the plaintiff agreed that in consideration of the extra care taken by the defendant of the premises in question and of many repairs and improvements installed thereon by the defendant, that the defendant would not be required to pay the water bills but that the plaintiff would pay the same. 9. The evidence in this case is sufficient as a matter of law to support a finding for the plaintiff. 10. Upon the evidence that the defendant agreed to pay the water bills in the lease and that Joseph Callahan a short time later agreed to pay the water bills if the defendant would keep the lawn in good condition and the defendant was required to do this by the terms of the lease, the plaintiff is entitled to recover the amount of the water bills paid by her.
The trial judge allowed the requests numbered 1, 4 and 9, and denied numbers 2, 3, 5, 6, 7, 8 and 10, as “not conformable with findings. ’ ’
From the findings of facts by the trial judge, it appears that we have the following situation:
The original lease was modified by an oral agreement under the provisions of which the defendant was to be relieved of the obligation of paying the water bills. Later there were executed two other leases concerning which there was no evidence of any oral modification. It is clear that a written contract under seal before breach may be varied by a subsequent oral agreement made upon a valid consideration, Cohen vs. Homonoff, 311 Mass. 374 at 376. Tashjian vs. Karp, 277 Mass. 42 at 46. Comm. Investment Co., vs. Motor Mart Inc., 294 Mass. 306 at 313-314.
*277 Therefore, the subsequent oral agreement modified the original lease so that there was no liability for water bills under that instrument.
But an entirely different situation arises under the later leases. There is no evidence of any oral modification relative to them. These leases expressly provide that the defendant tenant was to pay the water bills. The modification applied only to the original lease and did not run with the subsequent leases.
In Kennedy vs. Owen, 136 Mass. 199 at 202, the court said, “It is plain that an agreement not under seal cannot technically speaking run with the land.”
See Tiffany on Real Property, Vol 3, Chap. 7, Sec. 854, ‘ ‘ Covenants do not run with the land unless they touch and concern the land. ’ ’
It is elementary that an agreement prior to the execution of a written lease is inadmissible to vary the terms of the written instrument subsequently made. O’Malley vs. Grady, 222 Mass. 202 at 203. Taylor vs. Giding, 112 Mass. 231. Gaston vs. Gordon, 208 Mass. 265. Spevak vs. Budish, 238 Mass. 215.
In Queene vs. Blank, 268 Mass. 432 at 435, the court said, ‘‘ The agreement of the parties was embodied in the written contract and any understanding or agreement outside it made before or at the same time was immaterial. The principle of substantive law known as the paroi evidence rule forbids. ’ ’
Even if oral testimony were admitted it could not control the written contract. Butterick Publishing Co., vs. Fisher, 203 Mass. 122. O’Malley vs. Grady, 222 Mass. 203 at 204.
Therefore the defendant was liable for the water bills under the provisions of the later leases.
The trial judge erred therefore in his denial of the second, sixth, seventh and eighth requested rulings. The giving of these rulings would have required a finding for the plain *278 tiff but it does not appear from the record what were the amounts of the water bills due.
Therefore the case should be remanded for a new trial limited to the amount of damages viz; the water rates paid by the plaintiff after the execution of the first renewal lease.