ISRAEL SIEGEL & another, trustees, *vs.* FRANK M. KNOTT.

Suffolk.    November 4, 1943. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Frauds, Statute of. Contract,* Modification, Consideration. *Mortgage,* Of real estate: modification of terms. *Pleading, Civil,* Demurrer. *Practice, Civil,* Appeal.

All grounds assigned in a demurrer in an action at law are open on appeal from an order on the demurrer.

The defence of the statute of frauds may be pleaded by demurrer in an action for breach of a contract if it appears from the declaration that the alleged contract was oral.

Matters outside the allegations of a pleading cannot be considered on a demurrer thereto.

The times for payments under a second mortgage note might be modified orally by a promise by the mortgagee in substance to give a certain period of grace on each payment in consideration of the mortgagor's promise to make payments on the first mortgage note more often than required thereby.

An oral contract between an owner of land and a second mortgagee thereof, whereby the owner promised to make interest payments on the first mortgage note monthly instead of quarterly as provided therein and the second mortgagee in substance promised to give the owner a month's period of grace on each of the payments due on the second mortgage note, was not within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth.

CONTRACT OR TORT. Writ in the Superior Court dated April 16, 1943.

A demurrer was sustained by order of *Swift,* J., and the plaintiffs appealed.

*M. Rosenthal,* for the plaintiffs.

*J. H. Devine,* (*J. R. Spence* with him,) for the defendant.

RONAN, J. This is an action of contract or tort to recover damages for an alleged wrongful foreclosure of a mortgage. The plaintiffs allege that they, as trustees of a trust which owned certain premises in Boston subject to a first mortgage held by a bank and a second mortgage held by the defendant, made an oral agreement with the defendant in February, 1939, by which the plaintiffs agreed to pay the interest monthly upon the first mortgage, although by the terms of that mortgage interest was payable quarterly, and the defendant agreed that monthly payments on his second mortgage might be made at any time before the next succeeding monthly payments became due, that the payments by the plaintiffs for interest to the first mortgagee, for taxes and for a stoker, which were to be made monthly, might be paid before the next succeeding payments became due, and that the plaintiffs might pay the water charges as best they could provided all such charges were paid in full before the end of 1939. The declaration further alleged that the parties acted under such agreement until May 31, 1939, when, although there was no breach of the agreement by the plaintiffs, the defendant, in violation of the agreement which was then existing, took possession of the mortgaged premises and caused the plaintiffs the loss of their property. A demurrer, which alleged that the declaration did not set forth a good cause of action and that the plaintiffs were barred by the statute of frauds[1] from enforcing the agreement, was sustained. The plaintiffs appealed from the order sustaining the demurrer.

Although the order does not show on which of the grounds assigned the demurrer was sustained, all grounds stated are open on this appeal. *Arena* v. *Erler,* 300 Mass. 144. *Becker* v. *Calnan,* 313 Mass. 625. If the declaration upon its face shows that the cause of action alleged is based upon an oral agreement which is unenforceable by reason of the

---

[1] G. L. (Ter. Ed.) c. 259, § 1, Fourth. — REPORTER.

statute of frauds, the defence of the statute may be pleaded by demurrer. *Denvir* v. *North Avenue Savings Bank,* 290 Mass. 137. *Weiner* v. *Lowenstein,* 314 Mass. 642. The function of a demurrer is to test the sufficiency of the pleading against which it is directed and, its scope being thus limited, we cannot in considering a demurrer go beyond the allegations contained in that pleading. We must accordingly lay to one side matters that the defendant contends arose in previous litigation between the parties touching in some respects the agreement upon which the present action is based. Nothing in reference to such matters appears upon the face of the declaration and they are not open upon a demurrer. *Fay* v. *Boston & Worcester Street Railway,* 196 Mass. 329, 336. *Peters* v. *Equitable Life Assurance Society,* 200 Mass. 579, 588. *Miller* v. *Aldrich,* 202 Mass. 109, 113. *Keith* v. *Heywood Boot & Shoe Co.* 255 Mass. 321, 325. *Revere* v. *Blaustein,* 315 Mass. 93.

The declaration sets forth with sufficient certainty the making of an oral agreement by which, in consideration of the plaintiffs making certain payments to the first mortgagee and to others in the manner alleged, the defendant agreed that the plaintiffs should have the right to make monthly payments upon the second mortgage, which was held by the defendant, at any time before the next succeeding monthly payments became due. What the defendant promised to do, in so far as payments on his mortgage were concerned, was to grant a thirty-day period of grace on the monthly payments due from the plaintiffs. The oral agreement merely changed the method by which the plaintiffs had undertaken to pay their mortgage indebtedness. The declaration, we think, fairly shows the modification of an existing agreement, the terms of which were carried out by the parties for several months when the defendant broke this agreement and took possession of the mortgaged premises. The allegations of the declaration set forth a cause of action within the general principle that the mode of performance required by a written contract may be varied by a subsequent oral agreement based upon a valid consideration. *Stearns* v. *Hall,* 9 Cush. 31. *Freedman* v. *Gordon,* 220 Mass.

324. *Gilman & Son, Inc.* v. *Turner Tanning Machinery Co.* 232 Mass. 573. *Fall River Oil Heating Co. Inc.* v. *Gildard,* 265 Mass. 513. *Tashjian* v. *Karp,* 277 Mass. 42. *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.* 294 Mass. 306. *Clifford Shoe Co.* v. *United Shoe Machinery Corp.* 297 Mass. 94. *Cohen* v. *Homonoff,* 311 Mass. 374.

The oral agreement, unlike that in *Linsky* v. *Exchange Trust Co.* 260 Mass. 15, and in *Montuori* v. *Bailen,* 290 Mass. 72, did not call for any assignment of the defendant's mortgage or a transfer of any interest that he had in the land by virtue of his mortgage. The agreement changed the method of paying an indebtedness owed to the defendant, which was evidenced by a note; and although the note was secured by a mortgage upon real estate, the mortgage was only an incident to the debt and the defendant after the agreement was made continued to hold the mortgage as security for the satisfaction of the debt. The defendant's right, title and interest in the security were unaffected by the agreement. Even if a default in a monthly payment could not occur by virtue of the agreement for a month later than the time originally fixed for such payment and so the mortgage could be considered as having been extended for the period of a month, yet an agreement having that effect does not come within the statute of frauds. It has been said that as between the parties an oral extension of a mortgage on realty is valid, if supported by a consideration. *Phillips* v. *Vorenberg,* 259 Mass. 46, 70. *Depon* v. *Shawye,* 263 Mass. 206, 210. See *Thomas* v. *Hall,* 116 Maine, 140; *Lettieri* v. *Mistretta,* 102 N. J. Eq. 1; *Case* v. *Mortgage Guarantee & Title Co.* 52 R. I. 155; *Tees* v. *Lee,* 238 Wis. 534. In any event, it is plain that the agreement alleged in the declaration was not unenforceable on account of the statute of frauds. *Hastings* v. *Lovejoy,* 140 Mass. 261. *Hurlburt* v. *Fitzpatrick,* 176 Mass. 287. *Conroy* v. *Toomay,* 234 Mass. 384. *Dailey* v. *Doherty,* 237 Mass. 365. *Moskow* v. *Burke,* 255 Mass. 563.

The order sustaining the demurrer must be reversed and an order made overruling the demurrer.

*So ordered.*