JOHN P. BOYLE & another *vs.* THEODORE SILVESTER & another.

Middlesex.    November 10, 1950. — December 5, 1950.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Contract,* Modification, Consideration, Performance and breach, For sale of real estate.

A written contract for sale and purchase of real estate could be modified, before breach, by an agreement supported by consideration.

A promise, made by the grantor to the grantee at the time of a conveyance of land with a newly constructed house thereon, to do certain work necessary to "complete the property," was supported by consideration where it appeared that the promise was made "as a part of . . . [the grantor's] obligation under the sale price" and "for the particular purpose of inducing" the grantee to pay the purchase price before it otherwise would have been paid after expiration of the time for filing mechanics' liens, and that the grantee accordingly paid the purchase price at the time of the conveyance.

Acceptance of a deed and possession by the grantee in a conveyance of land with a newly constructed house thereon pursuant to a purchase and sale contract providing that such acceptance should "be deemed to be a full performance and discharge hereof" did not discharge the grantor from an obligation to do certain work necessary to "complete the property" after the conveyance as required of him by a modification of the contract supported by consideration.

CONTRACT. Writ in the District Court of Newton dated February 3, 1949.

The action was heard by *Luby,* J.

*W. H. McLaughlin,* for the defendants.

*W. J. Walsh, Jr.,* for the plaintiffs.

RONAN, J. This is an action of contract which seeks in the third count to recover damages for certain repairs which, it is alleged, the defendants agreed to make in a new house which they constructed and conveyed to the plaintiffs, and in the fourth count to recover damages because of the alleged failure of the defendants to grade and seed the lawns located upon the house lot. The first two counts are not now in-

volved. The judge found for the plaintiffs on the third and fourth counts. The only questions reported are the refusal of the judge to grant the ninth request, which called for a ruling that a written contract of purchase and sale cannot be varied by subsequent parol agreements, and the tenth request, which in substance was to the effect that the acceptance of the deed discharged the defendants from all obligations under the buy and sell agreement. The defendants appealed from an order of the Appellate Division dismissing the report.

The plaintiffs agreed to buy and the defendants to sell certain premises in West Newton. The agreement contained the following provision: "the acceptance of a deed and possession by the . . . [buyers] shall be deemed to be a full performance and discharge hereof." The property was conveyed to the plaintiffs on February 24, 1948, on the payment of the full purchase price. The defendants at or about the time of the conveyance in a letter signed by both of them dated February 24, 1948, and addressed to the plaintiffs and to a bank which took a mortgage of the premises, stated that "We hereby agree, as a part of our obligation under the sale price of the above property, which we have this day conveyed . . . [to the plaintiffs and upon which the bank has taken a mortgage], that we will complete the property including the grading and seeding on the lot by April 1, 1948, or as soon as weather permits, without expense to the buyer or to the bank." They further agreed to hold the buyers and the bank harmless from liens for labor or materials and to maintain a dry cellar for a year. The letter continued, "We make this undertaking individually for the particular purpose of inducing you to make the final payment to us prior to" the expiration of the time for filing mechanics' liens. There was evidence that certain work was necessary to complete the house together with the grading and seeding of the lawns and also evidence of the expense which would be thereby incurred. This work and the grading and seeding were never performed by the defendants.

The only questions brought here on this appeal are the rulings of law made by the trial judge which were reported by him to the Appellate Division and the action of the Appellate Division thereon. *Codman* v. *Beane*, 312 Mass. 570, 573. *Zarrillo* v. *Stone*, 317 Mass. 510, 511.

The written buy and sell agreement before breach could be varied or modified by a subsequent agreement if supported by a consideration. The payment of the purchase price before it otherwise would have been paid was a sufficient consideration, *Bowker* v. *Childs*, 3 Allen, 434, *Fall River Oil Heating Co. Inc.* v. *Gildard*, 265 Mass. 513, Williston, Contracts (Rev. ed.) § 121; the defendants were bound by the subsequent agreement and, having failed to perform, were liable in damages. There was no error in refusing to grant the two requests. *Hastings* v. *Lovejoy*, 140 Mass. 261, 264–265. *Tashjian* v. *Karp*, 277 Mass. 42, 46. *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.* 294 Mass. 306, 313–314. *Cohen* v. *Homonoff*, 311 Mass. 374, 376. *Siegel* v. *Knott*, 316 Mass. 526, 528–529.

*Order dismissing report affirmed.*