TEES, Respondent, vs. LEE, Appellant.

*September 11—October 7, 1941.*

*Francis E. McGovern* of Milwaukee, for the appellant.

For the respondent there was a brief by *Harry V. Meissner,* and oral argument by *Mr. Meissner* and *Mr. Robert L. Piper,* both of Milwaukee.

FAIRCHILD, J.   The only question involved in this case is whether an April 13, 1939, contract ended appellant's duty

to pay respondent the balance due under a March 3, 1937, contract. Appellant admits by his statement of account of April 15, 1939, that the sum here sued for was then due. Yet his defense now is that all rights, including the credit balance due in favor of respondent, were terminated by the second contract. That contention cannot be sustained.

The oral agreement made on April 13, 1939, to extend the time of payment of the money here involved was properly allowed to be proved by the trial court because that oral agreement does not alter, vary, or contradict the terms of a written contract and therefore does not fall under the parol-evidence rule. 20 Am. Jur. p. 963, § 1099; 3 Jones, Commentaries on Evidence (2d ed.), p. 2699, § 1484. By this parol agreement to extend the time of payment of the debt in question the parties showed clearly it was not their intention to cancel the balance due on the 1937 contract.

It is true that the balance due under the 1937 contract *could* have been disposed of in the 1939 contract, but the terms of the latter show that was not done. Outstanding sales contracts and credit accounts are dealt with in the contract of April 13, 1939, but no mention is made of the accrued balance due respondent as the result of completed cash sales. Use of the words "terminate the same (*i. e.,* the 1937 contract) and all further relations thereunder" shows that future relations under the contract were intended to be at an end. Obligations then existing were excluded from the second or 1939 contract.

It is elementary that where a contractual obligation has arisen, and it is not discharged in some manner, it continues to exist. There having been no payment of respondent's credit balance, it is still due and owing, and we agree with respondent that the lower court's decision is supported by the evidence and should be affirmed.

*By the Court.*—Judgment affirmed.