Connolly, Thomas E., J.
This civil action was commenced on October 25, 2005 by the plaintiff, Dennis C. Stackhouse (Stackhouse) against the defendant Charles A. Raso (Raso). The case was tried jury-waived on only one count namely Count II of the plaintiffs complaint.
The plaintiff, Stackhouse, seeks in Count II specific performance of a Forbearance Agreement requiring Raso “to transfer and assign the Judgment to Stack-house or his nominee OR to enter a discharge or other evidence of satisfaction of the Judgment in the appropriate Superior Court, at the direction of Stackhouse.”
FINDINGS OF FACT
Back on December 12, 1974 the defendant, Charles G. Raso (“Raso”) loaned the plaintiff, Dennis C. Stack-house (“Stackhouse”) $30,000.00 for certain business reasons of Stackhouse. Both Raso and Stackhouse had done business with each other in various commercial/real estate ventures in the past. They were also friends and they and their wives socialized together. At the time of the loan, Stackhouse signed a promissory note dated December 12, 1974 in the amount of $30,000.00, providing for interest at the rate of ten (10%) percent per annum which said interest of $250.00 per month was to be paid monthly on the 12th day of each and every month commencing December 12, 1974 and all principal and interest were to be paid in one year’s time. In the event of a default, Stackhouse was obligated to pay interest on all amounts not paid when due, by acceleration or otherwise at the rate of 1/2 percent per month until paid in full.
Nothing was paid by Stackhouse to Raso as required by the promissory note. As a result, the defendant, Raso, filed suit in Norfolk Superior Court (Civil Action No. 90-2380) on August 31, 1990 against Stackhouse. The Complaint filed in Norfolk Superior Court by Raso’s attorney, Ira D. Feinberg, Esq. (Feinberg), demanded compounded interest on the $30,000.00. Nowhere in the promissory note does it indicate that interest would be compounded. An attorney for Stackhouse filed an answer on October 22, 1990. On October 3,1991 the attorney for Stackhouse was given leave to withdraw his appearance for Stack-house. At said hearing on October 3, 1990, the defendant Stackhouse was ordered by Judge Paul Chemoff to appear at the pre-trial conference on October 21, 1991 with or without counsel. On October 31, 1991, Stackhouse was defaulted for failure to appear at *512 pre-trial conference, and the case was put down for an assessment of damages hearing on January 16, 1992. On January 16, 1992, the then pro-se defendant who was defaulted did not appear at the assessment of damages hearing. Only Attorney Nicholas A. Felici from the Law Office of Ira D. Feinberg appeared at the hearing for the assessment of damages. Attorney Felici presented a Plaintiffs Request for Default Judgment, asking for judgment be entered using compound interest, and asking for judgment entered against Stack-house on the amount of $466,257.63. An execution was issued on the default judgment in the amount of $471,697.23, costs of $127.00 and interest of $4,274.01. The total amount of the execution issued on February 19, 1992 against Stackhouse was $476,098.24.[1]
Nothing was paid by Stackhouse to Raso on the outstanding execution. In 1998, Raso met with Stack-house in order to obtain payment under the execution. Both Stackhouse and Raso consulted attorneys, and they agreed to enter into a forbearance agreement. With both Stackhouse and Raso represented by experienced attorneys in business law and forbearance agreements, a written forbearance agreement was drawn up acceptable to both and was signed on November 16, 1998 by both parties.
The Forbearance Agreement states in substance that in return for Raso forbearing from executing or levying upon the judgment of $476,098.24, Stack-house and Raso agreed that the following will occur.
1. Raso will obtain a ten percent (10%) Member Interest in the LLC which Stackhouse intended to develop on certain Properly by erecting a 73,000 rentable square foot four story office building with a basement garage (the “Project”) on the properly.
2. Stackhouse will pay Raso $1,000.00 per week commencing on January 1, 1999 and continuing through June 22, 2001 and provided that this provision provides that total payments in the amount of $130,000.00 will be made to Raso.
The agreement also provides as follows:
Section 2
At such time as all of the payments required under Paragraph l.b above have been made, Raso agrees that he will either (a) transfer and assign the Judgment to Stackhouse, or his nominee or (b) enter a discharge or other evidence of satisfaction of the Judgment in the appropriate Superior Court, at the direction of Stackhouse.
Section 4(h)
Neither this Agreement nor any of the provisions hereof may be changed, waived, discharged or terminated, except by an instrument in writing signed by a party against whom enforcement of the charge waiver, discharge or termination is sought.
Section 3. Default
In the event of a default, “Raso shall notify Stack-house of the nature of the default and Stackhouse shall thereafter have a period of ten (10) days to cure the Event of Default.
Under the forbearance agreement, Stackhouse did in fact pay Raso $130,000.00, and no notice of default was ever issued by Raso.
As to the 10% interest in the LLC as referred to on page one of the forbearance agreement, Stackhouse did transfer a 10% Member Interest in the LLC to Raso when the agreement was drawn. Stackhouse was the president of the THSS Corporation (“THSS”) which was the Manager of Three Hundred Southampton Street, LLC (“LLC”). The “LLC” was the ground tenant under a Ground Lease dated August 31,1998 relating to the property known as 290-300 Southampton Street, Boston, Massachusetts.
Unfortunately, due to economic and other problems, Stackhouse was eventually not able to develop the property known as 290-300 Southampton Street, Boston as a four-story office building. The Forbearance Agreement stated as follows:
Raso will obtain a ten percent (10%) Member Interest in the LLC which intends to develop the Property by erecting a 73,000 rentable square foot, four stoiy office building with basement garage (the “Project”) on the property.
Stackhouse tried to develop the property in good faith but was unsuccessful. The Condition to Forbearance only indicated that “Raso will obtain a ten percent (10%) Member Interest in the LLC.” Raso was not promised or guaranteed a successful project. Raso was to take his risks on the project the same as everyone else. If Raso didn’t want to take the risk on the project, he was certainly free in the negotiating process to ask for other consideration(s). Raso proposed an amended forbearance agreement when he discovered that the LLC investment did not work out, had his lawyer prepare one and sent it to Stackhouse for signature. Stackhouse refused to sign it because he felt that he had kept his end of the bargain of what was set out in the original forbearance agreement. There was no further forbearance agreement(s) or other document(s) signed by Stackhouse and Raso concerning this matter.
Stackhouse continued to pay Raso after he had paid the required $130,000 in the approximate amount of $59,500.00. When asked at trial why he continued to pay Raso, Stackhouse indicated that he was afraid of Raso.
The one and only forbearance agreement also set out:
1. That the agreement constituted the entire and final agreement, and that there no agreements, understandings, etc. between the parties except as set forth in the agreement.
*513 2. That the forbearance agreement may not be changed, waived, discharged or terminated except by an instrument in writing signed by a party against whom enforcement of the change, waiver, discharge or termination is sought.
RULINGS OF LAW
No party contests that Stackhouse received a loan of $30,000.00 from Raso back in 1974. It is contested whether it was simple interest or compounded interest to run on the note. The lawsuit on the note was brought in Norfolk Superior Court (Norfolk Civil Action No. 90-2380) in which the defendant there, Stack-house, was defaulted for failure to appear, damages were assessed using a compounded interest rate as requested in the Raso’s attorney’s motion for assessment of damages and an execution issued by the clerk in the amount of $471,697.23.[2]
The matter then laid dormant until 1998 when Raso was demanding payment under the execution. Both Raso and Stackhouse consulted their attorneys and entered into a written forbearance agreement on November 16, 1998, with both signatures notarized.
The Forbearance Agreement was entered into by both Raso and Stackhouse and both had the assistance of competent counsel advising them. There is nothing ambiguous in the forbearance agreement. The agreement provides that all prior statements and agreements are merged into the Forbearance Agreement by an explicit integration clause. “Written agreements may not be varied or added to by parole evidence of antecedent or contemporaneous negotiations.” Wincester Gables. Inc. v. Host Marmot Corporation, 70 Mass.App.Ct. 585, 591 (2007). The forbearance agreement may not be varied by testimony of one of the parties by parole evidence of prior or contemporaneous discussion or alleged agreements if the forbearance agreement is not ambiguous, such as here. Stackhouse paid $130,000.00 to Raso as is required in the forbearance agreement and transferred a 10% share of the 300 Southampton Street LLC, which intended to develop a 73,000 square foot office building at 300 Southampton Street, Boston.
The real estate development eventually was not able to be done by Stackhouse while acting in good faith attempting to develop the project. When Raso found out about that failure he wanted to amend the forbearance agreement to include another $130,000.00 which Stackhouse would have to pay him. Raso had his attorney draw up an amendment which included the payment of an additional $130,000.00, and Stack-house refused to sign it. Raso demanded further payment over the total of $130,000.00. Stackhouse paid Raso further money of $59,500.00 because Stack-house “was afraid of him.” On a check of Stackhouse to Raso dated August 1,2001, there is the handwritten note “ 1 st payment, 2nd agreement.” This Court credits the testimony of Stackhouse when he testified that he did not put that writing on the check.
The Forbearance Agreement also clearly provided that if there was any change to said agreement, it must be in writing. However, Massachusetts recognizes that written agreements may be modified by subsequent oral agreements. “The mode of performance required by a written contract may be varied by a subsequent oral agreement based on valid consideration.” Siegel v. Knott, 316 Mass. 526, 528 (1944). “Additionally, a provision that an agreement may not be amended orally, but only by a written instrument does not necessarily bar oral modification of the contract.” Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 439 (1992). “The evidence of subsequent modification must be of sufficient force to overcome the presumption that the integrated and complete agreement which requires written consent to modification, expresses the intent of the parties.” Cambridgeport Savings Bank v. Boersner, supra at 439, n. 10. Here, there is no credible evidence that the initial forbearance agreement was ever changed or modified.
The fact that the real estate development was not accomplished does not affect this case. The agreement was to transfer a 10% interest in the development, which was done. Stackhouse was not required to guarantee the success of the development. Raso had to take the risk just like everyone else in the project.
This Court finds that Stackhouse has complied and discharged his obligations on the subject forbearance agreement by paying the amount agreed to and then some, with no default notices have been sent to Stack-house, and by transferring a 10% interest in the real estate development project.
However, Raso has not complied with his obligations under the forbearance agreement, which are to:
(a) transfer and assign the Judgment to Stackhouse or his nominee,
OR
(b) enter a discharge or other evidence of satisfaction of the Judgment in the appropriate Superior Court at the direction of Stackhouse.
Raso is ordered to comply with one of the two options within twenty days after final judgment has been entered in this case.
ORDER
The Plaintiff, Dennis Stackhouse, has complied and performed all the provisions of the Forbearance Agreement, entered into on November 16, 1988 between the plaintiff, Dennis Stackhouse and the defendant, Charles G. Raso.
It is ORDERED that the defendant Charles Raso comply with his obligations under the Forbearance Agreement by:
a. transferring and assigning the Judgment to Stackhouse or his nominee, OR
*514 b. enter a discharge or other evidence of satisfaction of the Judgment in Norfolk Superior Court at Ded-ham at the directions of Stackhouse or his attorney.
This order shall be complied with by Charles G. Raso within ten days from the day of entry of the Final Judgment in this case.

 The issue of whether the interest rate should have been simple or compounded interest becomes moot in light of the Court’s other findings and rulings. In any respect, the amount of the interest and its manner of calculation is a matter that could have been taken up with the Norfolk Superior Court under Mass.R.Civ.P. 60(b)(6) or in an independent action. It was not raised by the evidence presented at the trial of this case, but was raised by the Court on its own motion after final argument.

 On February 19, 1992.