Pierce, J.
This case arises out of a dispute between an engineering firm and a real estate developer over work relating to the proposed development of a parcel of land in Topsfield, Massachusetts. On August 12, 2008, the engineering firm, Hancock Survey Associates, Inc. (“Hancock”), submitted a proposal to the developer, Said Abuzahra, doing business as Spring T. Realty Trust, LLC (“Abuzahra”), describing eight phases of engineering work relating to the project. Each phase included an estimated cost and a reimbursable expense budget. It is agreed by the parties that on August 22, 2008, Abuzahra authorized Hancock to proceed with the first three phases described in the proposal: (1) “Wetland Delineation,” (2) “Land Planning and Development Concepts,” and (3) “Conceptual Site Plan for Filing with Mass Housing.” Upon authorizing the work, Abuzahra made an initial payment of $5,000.00 to be applied toward actual fees incurred.
The work proceeded and on October 29,2008, Hancock submitted a bill for services relating to the first and second phases. The total amount of the bill was $7,546.86. This amount included $1,805.25 over the estimated budget for the second phase with the following explanation: “Additional cost due to preparation of additional concepts consisting of two family and multifamily dwellings as discussed with Said Abuzahra.” The bill also included $1,207.50 for work relating to preparation of an Abbreviated Notice of Resource Area Delineation (“ANRAD”), with the notation: “As Approved by Said Abuzahra.” Hancock applied $3,000.00 from the initial payment to the bill. With a check dated November 3,2008, Abuzahra paid $2,696.61, which is the amount of the October 29 bill, less $3,000.00, minus the additional phase two charges of $1,850.25.
On November 30, 2008, Hancock submitted a second bill to Abuzahra in the amount of $5,900.20, which included an amount for partial completion of the third phase and “Additional Assistance” relating to the ANRAD, again with the notation: “As Authorized by Said Abuzahra.” An additional $1,000.00 was applied to this bill from the initial payment. Abuzahra did not pay any part of the second bill.
On February 2, 2009 and again on August 19, 2009, Hancock made written demands for payment on Abuzahra. On March 24, 2010, Hancock filed suit in the Lynn District Court alleging breach of contract, violations of G.L.C. 93A, and claims for quantum meruit and fraud. Abuzahra counterclaimed for breach of contract. *206 After a jury-waived trial on August 5, 2011, the court issued a memorandum of decision in favor of Hancock on its breach of contract claim and against Abuzahra on the counterclaim. On December 2, 2011, judgment was entered in the total amount of $8,288.96, including prejudgment interest of $1,359.08 and costs of $240.78. On December 13, 2011, the court issued an amended judgment in the amount of $17,765.65, which included additional costs and $9,212.50 in attorney’s fees.
On this appeal, Abuzahra contends that except for work relating to the ANRAD, there was insufficient evidence presented at trial to warrant a finding that Abuzahra orally agreed to amend the written agreement to include the additional work for which he was billed. In particular, Abuzahra contends that the written agreement between the parties required amendments to be in a signed writing. Abuzahra also contends that Hancock failed to introduce sufficient evidence to show that it was entitled to payment in the amount of the judgment.
When reviewing the judgment entered by the trial judge, we accept her findings of fact as true unless they are “clearly erroneous.” Mass. R. Civ. R, Rule 52(c). “[A] finding is clearly erroneous when there is no evidence to support it, or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Marlborough Sq., LLC v. Costa, 2011 Mass. App. Div. 131, 132-133, quoting Guardianship of Clyde, 44 Mass. App. Ct. 767, 774 (1998). “We recognize that the judge, who has a ‘firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence.’” Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997), quoting New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977). “The judge’s advantage in weighing the testimony is particularly evident in a case involving conflicting testimony, ‘one in which widely differing inferences could be drawn from the evidence,’ and the drawing of inferences cannot be separated from the evaluation of the testimony itself.” Id. at. 510, quoting Goddard v. Dupree, 322 Mass. 247, 248 (1948). In challenging a judge’s factual findings, it is not sufficient to recite other evidence in the record that the court may not have credited. Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 637 (2010).
In this case, there was no mistake. The trial court found that after Hancock requested payment, Abuzahra stated that he was not satisfied with the steepness of the access road for the property and requested changes to the concept plan. The evidence at trial supports that finding. Vaclav Talacko, a registered professional engineer and a principal of Hancock, testified that during the course of the project, issues arose regarding the grade of the land and whether it could accommodate the original plan requested by Abuzahra. Those issues were discussed, and Abuzahra asked that Hancock prepare other development options better suited for the land. As a result, Hancock preformed the additional work at issue here. On this record, we are convinced that the court’s finding that Abuzahra authorized the additional work for which Hancock billed was not clearly erroneous and that Hancock introduced sufficient evidence to show it was entitled to be paid.
The agreement included the following provision: “Any modifications to this Agreement shall be in writing and signed by authorized representatives of the parties.” Abuzahra argues that in the absence of a written agreement, no modification of the original agreement was effective. We disagree. “It is a settled principle of law *207 that ‘[t]he mode of performance required by a written contract may be varied by a subsequent oral agreement based upon a valid consideration.’ Siegel v. Knott, 316 Mass. 526, 528 (1944). Additionally, a provision that an agreement may not be amended orally but only by a written instrument does not necessarily bar oral modification of the contract. ‘Mutual agreement on modification of the requirement of a writing may ... “be inferred from the conduct of the parties and from the attendant circumstances” of the instant case.’ First Pa. Mtge. Trust v. Dorchester Sav. Bank, [395 Mass. 614,] 625 [(1985)], quoting Flynn v. Wallace, 359 Mass. 711, 715 (1971)” (citations omitted). Cambridgeport Sav. Bank v. Boersner, 413 Mass. 432, 439 (1992).
Here, the evidence was sufficient to overcome the provision requiring a written consent to modify. The original plans based on Abuzahra’s instructions were not satisfactory to Abuzahra and, as a result, he instructed Hancock to do additional work. Hancock billed for that work and is entitled to be paid.
Judgment affirmed.
So ordered.